A96A0094. COOK v. THE STATE.
A96A0507. SPRINGER v. THE STATE.
(472 SE2d 686)

BIRDSONG, Presiding Judge.

Deangelo Cook and Mark Springer were tried jointly and both were convicted of the armed robbery of a bank and possession of a firearm during the commission of a crime. As a recidivist, Cook was sentenced to life in prison without parole for the armed robbery and a consecutive sentence of five years confinement for the possession of a firearm during the commission of a crime; Springer was sentenced to a life term for the armed robbery and five years confinement for the possession of a firearm during the commission of a crime consecutive to the life term.

The evidence shows that Cook and Oldham, an accomplice who pled guilty and testified for the State, entered the bank; Oldham held a pistol on one of the bank employees and generally threatened the other employees while Cook jumped over the bank counter and removed money from the teller's cash drawers. One of the bank employees identified Cook at a photo lineup and later testified that she was absolutely sure Cook was the man who jumped over the counter because the man had distinctive ears and a big space between his teeth. Additionally, the bank's surveillance camera took a photograph during the robbery showing one of the robbers with distinctive ears and a big space between his teeth. Witnesses testified that the person in this photograph looked exactly like Cook.

After leaving what appeared to be a pipe bomb in the bank, the men fled in a light blue, older model car. The description of the car given by the witness at the bank matched a car later recovered and identified as one that had been stolen from a used car lot. Although a witness from the used car lot identified Springer as the man who stole the car, Oldham testified that it was Cook who stole the car.

Examination of the pipe bomb left in the bank showed that it

was a fake. An expert testified, however, that fingerprints taken from the fake bomb matched those of Oldham and Cook.

Oldham testified on behalf of the State that he needed money and decided to rob a bank, that he enlisted Springer in the scheme and Springer caused Cook to join them. He further testified that Cook took the car from the used car lot. He also testified that it was Springer's idea to use the fake bomb and that Springer purchased the components at a building supply store. Oldham testified that he and Springer traveled toward the bank in one car and that Cook drove the stolen car. Near the bank they parked the other car and proceeded to the bank in the stolen car. Springer stayed in the stolen car while Cook and Oldham went in and robbed the bank. According to Oldham's testimony, they abandoned the blue car after the robbery and left in the other car for Newnan, Georgia, where they checked into a motel and divided the money from the robbery.

Based on information from informants and identification of Cook by police officers from the bank surveillance photographs, Oldham, Springer and Cook were arrested for the robbery. After their convictions, Cook and Springer appealed. Cook contends the trial court erred by allowing a prosecution witness to testify in violation of the rule of sequestration, erred by allowing the prosecution to place his character in issue through testimony that he was on parole, and erred by denying his motion to sever his trial from Springer's. Springer contends the trial court erred by denying his motion to sever the trials, erred by excluding evidence that a witness attempted suicide, and erred by excluding his counsel from a meeting in which the co-defendant and his counsel, the prosecutor, and the trial judge participated. *Held*:

## Case Nos. A96A0094, A96A0507

1. Appellants' contentions that the trial court erred by denying their motion to sever their trials are without merit. Whether to grant a severance motion is within the discretion of the trial court. *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308). See OCGA § 17-8-4. To be entitled to a severance, appellants were required to do more than raise the possibility that separate trials would have given them a better chance of obtaining acquittals; they were required to make a clear showing of prejudice sufficient to establish a denial of due process. *Barnett v. State*, 204 Ga. App. 491, 495 (420 SE2d 43); *Emmett v. State*, 199 Ga. App. 650, 652 (405 SE2d 707). Appellants did not carry this burden, and the trial court did not err by denying their motions.

### Case No. A96A0094

2. Cook contends the trial court erred by allowing a State's witness to testify in violation of the sequestration rule. His allegation is based upon the trial court allowing a witness to testify after the witness was in the courtroom when Cook attempted to enter a guilty plea. Such conduct does not violate the sequestration rule. The "Rule" (OCGA § 24-9-61) provides that "either party shall have the right to have the witnesses of the other party examined out of the hearing of each other." As Cook was not a State's witness, the witness could not violate the Rule by remaining in the courtroom during the discussions regarding Cook's possible guilty plea. Moreover, even if the Rule had been violated, the remedy for such violation is not exclusion of the witness. See OCGA § 24-9-61; *Hayes v. State*, 175 Ga. App. 135 (332 SE2d 917). Additionally, in view of the witness's testimony that her identification of Cook was based upon her close observation of him during the robbery and her identification of Cook in a pretrial photo lineup, there is no likelihood that her identification was based upon her observation of Cook during his attempt to plead guilty. See *McCoy v. State*, 190 Ga. App. 258, 260 (378 SE2d 888).

3. Cook further alleges that the trial court erred by allowing the prosecution to put his character in issue by introducing evidence that Cook was on parole at the time of the robbery. As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). Further, material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. *Greer v. State*, 199 Ga. App. 106, 107 (403 SE2d 825). See OCGA § 24-2-2; *Jackson v. State*, 209 Ga. App. 217 (433 SE2d 655). Here, the testimony of the parole officer was material because it showed Cook's motive for committing the robbery. Before the robbery, Cook was months in arrears on his parole fees and on the day of the robbery Cook was supposed to be in a parole hearing, but did not appear. The day after the robbery, however, Cook had money to pay the parole fees. As this evidence was material, there was no error even though the evidence incidentally showed that Cook was on parole. *Lumpkin v. State*, 182 Ga. App. 505, 507 (356 SE2d 238); *Bragg v. State*, 162 Ga. App. 264, 267 (291 SE2d 112).

### Case No. A96A0507

4. Springer contends the trial court erred by preventing him from asking a prosecution witness whether the witness had tried to

commit suicide. The transcript shows that on cross-examination by Springer's counsel the witness was asked when the first time was that he had attempted suicide, and that the witness answered, "I never have." Then, in response to the prosecution's objection to the question, the trial court instructed Springer's trial defense counsel that he could inquire into the matter further if he would, in good faith, tell the court that evidence of the witness's suicide attempts would be produced. Springer, however, did not pursue the matter at that time. We find that this conduct waives any appellate issue concerning this matter. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. [Cit.]" *Whisnant v. State*, supra at 744.

Additionally, although the right to a thorough and sifting cross-examination of witnesses is without question in this state (OCGA § 24-9-64), the scope of cross-examination is not unlimited, but rests largely within the discretion of the trial court, and the exercise of this discretion will not be disturbed on appeal unless it is abused. *Moore v. State*, 251 Ga. 499, 501 (307 SE2d 476). Thus, a trial court may restrict the scope of cross-examination if the inquiry is not relevant or material to issues being tried. *Fletcher v. State*, 197 Ga. App. 112 (397 SE2d 605). "While a witness may be impeached on a collateral issue which is indirectly material to the issue in the case, a witness may not be impeached because of a discrepancy as to a wholly immaterial matter. [Cit.]" *Ellis v. State*, 181 Ga. App. 630, 631 (353 SE2d 822). Therefore, Springer, having received the witness's response that he had never attempted suicide, was not entitled to attempt to impeach the witness on this wholly collateral issue. Accordingly, the trial court correctly prohibited this line of inquiry, and a correct decision of a trial court will not be reversed, regardless of the reasons stated. *Ely v. State*, 192 Ga. App. 203, 205 (384 SE2d 268).

5. Although Springer's enumeration of error alleges that the trial court erred by excluding his counsel from an in-chambers meeting with the trial judge, co-defendant Cook, Cook's counsel, and the prosecution, which Springer contends was a critical stage of his trial, the argument in support of this enumeration argues only that the trial court erred by excluding Springer from the meeting. Accordingly, because of Springer's failure to support the error enumerated with argument, citation of authority, and reference to the transcript or record, the error enumerated is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109 (316 SE2d 554). In addition, we cannot consider the error raised in Springer's argument because it was not included within the error enumerated (*Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507);

*Hurston v. Ga. Farm Bureau &c. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886); *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686)) and was not the subject of an objection in the trial court. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877). Accordingly, we cannot consider this issue.

*Judgments affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED APRIL 2, 1996 —
RECONSIDERATION DENIED JUNE 24, 1996 — 

*Jill L. Anderson, Virginia W. Tinkler*, for appellant (case no. A96A0094).

Mark Springer, *pro se.*

*William T. Hankins III*, for appellant (case no. A96A0507).

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.