## A96A1697. JESSUP v. THE STATE.
(480 SE2d 232)

BLACKBURN, Judge.

Larry Gray Jessup was indicted by a Lamar County grand jury for rape and kidnapping with bodily injury. The jury convicted him of kidnapping with bodily injury, and he was sentenced to life in prison. Jessup contests the sufficiency of the evidence supporting the verdict, arguing that because his victim voluntarily accompanied him, his conviction should be reversed.

The facts show that Jessup and the victim were husband and wife. The victim testified that on May 27, 1994, Jessup called and told her to meet him to go look at a house for rent. The victim, along with the couple's infant son, accompanied Jessup to the house, but upon entering, observed that "someone was still living in this house." The victim thereupon attempted to leave with the child, but testified that at that point, Jessup pushed her back into the house, pulled a small knife on her, and kicked her in the groin.

Over the next approximately 24 hours, Jessup held the victim in the house by threatening her with a shotgun. He forced her to move the couples' vehicles out of sight, then took her keys and money from her. Thinking she would only be gone a few hours, the victim had not brought provisions for the baby, but unbeknownst to the victim, Jessup had brought bags of groceries into the house sufficient to last

several days. The victim testified that sometime during the night of May 27, Jessup beat her, giving her a black eye. At one point, Jessup chained the victim to him with a dog leash to ensure that she could not leave. The victim testified, "I knew he wasn't going to let us go. He had made that perfectly clear, that we weren't going anywhere."

After noon on May 28, Jessup directed the victim and his son outside and into a rental car. Because Jessup's driver's license was suspended, and because she testified that he threatened to kill her, the victim drove the three of them to Anderson, South Carolina. She complied with Jessup's orders to register them for a motel room, and they spent the night at the motel. At one point, Jessup sent the victim out for food but kept their son with him in the motel room to guarantee her return. While out, the victim managed to telephone her mother in Georgia. Local city police stopped the vehicle later that day as Jessup, the victim, and the child were leaving the motel parking lot.

Jessup testified in his own defense, denied the victim's rendition of facts, and testified primarily that the victim voluntarily accompanied him to South Carolina. He maintains that his conviction must be reversed, as the victim's consent negates the kidnapping.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. . . . As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Citations and punctuation omitted.) *Ferguson v. State*, 221 Ga. App. 415, 419 (471 SE2d 528) (1996).

Applying this standard to the facts of this case, the jury was authorized to find that Jessup kidnapped the victim. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). Although the victim may have initially consented to go to the rental house, she testified that she did not consent to stay there or to go to South Carolina, but she was forced to do these things by Jessup against her will. Therefore, the jury could find that she was kidnapped. See *Williams v. State*, 211 Ga. App. 393, 394 (439 SE2d 11) (1993) (kidnapping occurred even though victim initially consented to accompany defendants because victim did not later agree to go into a remote area of woods where defendants then attacked and abandoned victim); see also *Peavy v.*

*State,* 159 Ga. App. 280, 282 (283 SE2d 346) (1981) (kidnapping occurred even though victim willingly entered defendant's van, because the defendant refused the victim's request to stop the van and let her out).

With respect to the bodily harm portion of the kidnapping conviction, Jessup was sentenced to life for this offense. OCGA § 16-5-40 provides in section (b) that "if the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment or by death." Jessup argues that the judge failed to properly instruct the jury on bodily injury, but as Jessup neither requested a different charge from the one given nor objected to the charge, any such argument is waived. See *Davis v. State,* 209 Ga. App. 187, 189 (4) (433 SE2d 366) (1993). Jessup has further waived this argument by even failing to enumerate the charge as error. See *Cook v. State,* 221 Ga. App. 831, 834 (5) (472 SE2d 686) (1996). As regards his conviction for bodily injury, Jessup argues that because there is no evidence that he inflicted any bodily harm upon the victim *after* the commencement of the alleged kidnapping to South Carolina, bodily harm in connection with the kidnapping was not shown.

Although Jessup does not raise the argument, the indictment in this case charges that on *May 28,* 1994, Jessup unlawfully abducted the victim without lawful authority and held her against her will, causing her to receive bodily injury. Though the conviction is based in part on events which occurred on *May 27,* there is no fatal variance between the acts alleged in the indictment and the offense for which Jessup was convicted. "Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations." (Punctuation omitted.) *Turner v. State,* 202 Ga. App. 799, 800 (415 SE2d 524) (1992); see also *Martin v. State,* 196 Ga. App. 145, 146 (395 SE2d 391) (1990).

Assuming without deciding that the bodily injury inflicted upon a kidnapping victim must occur after the commencement of the kidnapping itself, as Jessup contends, the jury was authorized to find from the evidence that Jessup's kidnapping of the victim began on May 27, when he forced the victim into the house after she attempted to leave. See *Green v. State,* 193 Ga. App. 894, 896 (389 SE2d 358) (1989) ("the distance that a victim is carried is not material; any carrying away is sufficient"); see also *Williams,* supra. While holding the victim against her will, Jessup kicked and beat her, causing bruising about the victim's body as well as a black eye and knots on her head. Viewing the evidence in the light most favorable to support the verdict, a rational trier of fact could reasonably have found Jessup guilty of kidnapping with bodily injury beyond a reasonable doubt. *Jackson v. Virginia,* supra. Accordingly, Jessup's conviction is affirmed.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 31, 1996.

*Martin & Martin, Harold E. Martin,* for appellant.
*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.