A97A0791. BELT v. THE STATE.
(485 SE2d 39)

BIRDSONG, Presiding Judge.

A Muscogee County jury convicted Randall Belt on charges of aggravated assault, conspiracy to murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The trial court merged the first two convictions for

sentencing. On appeal, Belt challenges the sufficiency of the evidence and several of the trial court's evidentiary rulings. *Held*:

1. Belt's two enumerations challenging the sufficiency of the evidence are reviewed under the standard of *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560), with the evidence, and all reasonable inferences from the evidence, construed most strongly in favor of the verdict. The victim testified that he accompanied Belt and another man, Greer, on a late-night trip to Greer's mother's house. The conflicting evidence shows Greer apparently owed the victim money for drugs. According to the victim, Greer stopped the car on an isolated road after Belt stated he felt sick. When the victim got out of the car to assist Belt, both Greer and Belt rushed the victim and Greer shot the victim in the face with a pistol. When the victim fell, Belt and Greer began pulling him into the woods by his feet. The victim broke free and hid in the woods, where he heard Greer say, "find him, don't let him get away" and saw Belt pass by carrying a thick wooden post. The jury heard that Greer pled guilty to the offense. Belt testified and claimed he knew nothing of Greer's plans to shoot the victim and was forced to assist at gunpoint. However, around the time the attack occurred, a witness saw a man run out of the woods and get into the passenger side of a vehicle matching that driven by Greer. This testimony contradicted Belt's claim of duress. Under the *Jackson v. Virginia* standard, a rational trier of fact could find appellant guilty of the offenses charged beyond Belt's participation and conduct as a party to these crimes. See *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485); *Smith v. State*, 205 Ga. App. 810, 812 (1) (424 SE2d 56).

2. In two enumerations of error, Belt challenges the introduction of evidence showing he had a prior criminal record. This evidence was admissible and was necessary to prove the charge that Belt possessed a firearm after having been convicted of a felony. See OCGA § 16-11-131; *Chambers v. State*, 201 Ga. App. 245, 246 (2) (410 SE2d 771), rev'd on other grounds, 262 Ga. 200 (415 SE2d 643).

(a) As Belt correctly notes, to prevent the improper introduction of a defendant's criminal record, a trial court should bifurcate the trial of a possession of a firearm by a convicted felon charge from other unrelated charges contained in the same indictment. See *Head v. State*, 253 Ga. 429, 431 (2) (a) (322 SE2d 228). However, the trial court has no obligation to do so where the defendant does not request bifurcation. *Baker v. State*, 214 Ga. App. 640 (1) (448 SE2d 745). Because Belt made no motion to bifurcate, this claim of error is waived.

Although Belt's counsel asserts in his brief on appeal that his own failure to seek bifurcation constituted ineffective assistance of counsel, we do not address this claim because it was not enumerated

as error. See *Strickland v. State*, 221 Ga. App. 120, 121 (1) (470 SE2d 508). Furthermore, Belt's trial counsel cannot assert his own ineffectiveness. See *Tweedell v. State*, 218 Ga. App. 518, 520 (462 SE2d 181).

(b) When the prosecutor gave his opening statement, he read to the jury that portion of the indictment which charged Belt with possessing a firearm after having been convicted of burglary and theft by taking. Although Belt's counsel objected to the prosecutor's mention of these prior convictions, counsel later stipulated to evidence showing his client had a felony record. Therefore, we find no harmful error requiring reversal. *Williams v. State*, 263 Ga. 135, 136 (2) (429 SE2d 512); see also *Cook v. State*, 221 Ga. App. 831, 834 (4) (472 SE2d 686).

3. Belt's contention that the trial court improperly limited his cross-examination of a police officer is without merit. The trial court may restrict the scope of cross-examination if an inquiry is not relevant or material to issues being tried. *Cook*, supra at 843 (4). Here, the trial court ruled irrelevant counsel's questions regarding the reasons the officer originally charged Belt. These questions inquired into the motives and reasons for certain statements the officer made at a preliminary hearing. Especially considering the abundance of evidence of appellant's actual guilt, we cannot say the trial court abused its discretion by finding this inquiry irrelevant. See *Murray v. State*, 219 Ga. App. 405, 407 (465 SE2d 515).

4. We find no error in the trial court's refusal to allow Greer's attorney to testify that her client pled guilty, that he had struck a deal with the State, and that at the plea hearing the prosecutor had characterized Greer as "more culpable" than Belt. First, the trial court did agree to allow the attorney to testify that Greer pled guilty. Belt's counsel decided not to present this testimony, and he cannot now complain. See *Cook*, supra. Furthermore, whether Greer was "more culpable" had no bearing on Belt's guilt, and because Greer did not testify at trial, his alleged "deal" with the State was irrelevant because his credibility was not at issue. See *Holder v. State*, 194 Ga. App. 790, 795 (6) (391 SE2d 808). Compare *Watkins v. State*, 264 Ga. 657, 659 (1) (449 SE2d 834).

5. The trial court did not err in refusing to give Belt's requested charge on "bare suspicion," as it fully charged the jury on the concepts of reasonable doubt, the presumption of innocence, and mere presence. *Lowe v. State*, 267 Ga. 180, 181 (2) (476 SE2d 583).

6. Finally, Belt contends the trial court improperly prevented him from commenting on the State's failure to call Greer as a witness. As he correctly notes, the Supreme Court recently held that such argument may be proper. *Morgan v. State*, 267 Ga. 203, 205-206 (3) (476 SE2d 747), disapproving in part *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442). However, the record does not support Belt's conten-

tion that the court prohibited such an argument.

The trial court made clear that if Belt's counsel wanted to comment on the failure of the State to call Greer as a witness, it would allow the State, likewise, to argue Belt's failure to call Greer as a witness. Belt's counsel replied that he would "rather the court rule that way." Belt's counsel argued in his closing that "if [Greer] were to testify as Mr. Post [the prosecutor] pointed out, if I thought he could have come in and helped anybody I would have brought him. . . . I don't think he would have said anything to help my client because he . . . told him he was going to kill him. But I'm sure that he wouldn't come in and help the man to send him to prison. . . . Why isn't he here to testify against [the victim] the drug dealer, why isn't he here to testify that Randall Belt. . . . If there was anything that he could have done to help in this case he would have been here and particularly he would have helped him show a conspiracy." The State's objection to this line of argument was overruled. Under these circumstances, Belt cannot show that a ruling of the court prevented him from making the argument he sought to make. This enumeration is, therefore, without merit.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 31, 1997.

*David J. Grindle*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Mark A. Casto, Assistant District Attorneys*, for appellee.