**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 6, 2013**

# In the Court of Appeals of Georgia

A12A1878. BUFFORD v. THE STATE.

McFADDEN, Judge.

After a jury trial, Robert Austin Bufford was convicted of child molestation and aggravated child molestation. He argues that the trial court erred in admitting evidence regarding his appearance at the time of his arrest and that his trial counsel was ineffective because she did not object to this evidence. Because Bufford has waived appellate review of the admission of the evidence, and because he has not met his burden of demonstrating that his counsel's failure to object to the evidence constituted deficient performance, we affirm.

1. *Facts.*

The incident at issue in this case occurred in the early morning of January 1, 2007. R. B., then five years old, and her family celebrated New Year's Eve at the house of a family friend, who was Bufford's stepfather. Bufford was present, as well.

During the night, R. B. and her teenaged brother tried to go to sleep on couches in the living room. Bufford entered the room and R. B. went to sit next to him in a chair. R. B. testified that Bufford then pulled down her panties and touched and kissed her "privacy," scaring her. R. B.'s brother testified that he saw Bufford enter the room and R. B. sit next to him in a chair. The brother saw Bufford lean toward R. B. with "his hand inside of her leg." He then saw Bufford get on his knees and place his head near the girl's "private area."

After Bufford left the room, R. B.'s brother reported what he had seen to the children's parents. The family left the friend's house and drove home. Subsequently, R. B. told her mother that Bufford had "touched her in her privacy" – referring to her vagina – and "kissed her privacy." R. B.'s parents notified the police, and R. B. and her brother gave forensic interviews to a social worker. Those interviews corroborated the children's trial testimony and were published to the jury.

2. *Admission of evidence about Bufford's appearance.*

Bufford argues that the trial court erred in admitting evidence of his appearance at the time of his arrest, specifically a booking photograph (or "mug shot") and testimony from witnesses regarding differences between Bufford's appearance at the time of arrest and at the time of trial. But Bufford did not object to either the testimony or the admission of the photograph during trial and does not argue on appeal that admitting that evidence was plain error. Consequently, Bufford has waived appellate review of this claim of error. See *Brooks v. State*, 281 Ga. 514, 516 (2) (640 SE2d 280) (2007) (failure to object to admission of evidence at trial generally constitutes waiver of appellate review); see also OCGA § 24-1-103 (a) (1), (d) (error shall not be predicated upon ruling admitting evidence unless substantial right of party is affected and timely objection or motion to strike appears of record; however, court may take notice of plain errors affecting substantial rights although such errors were not brought to court's attention).

3. *Ineffective assistance of counsel.*

Bufford argues that his trial counsel was ineffective in failing to object to the evidence concerning his appearance, which he contends was irrelevant and should have been excluded under *DeCastro v. State*, 221 Ga. App. 83 (470 SE2d 748) (1996)

(physical precedent only). The record shows that trial counsel instead questioned witnesses on whether the booking photograph reflected Bufford's regular appearance.

Bufford's reliance upon *DeCastro* is flawed. Under Court of Appeals Rule 33 (a), *DeCastro* is not binding precedent but is merely physical precedent, because one judge concurred only in the judgment. And the record belies Bufford's assertion that, as in *DeCastro*, his identity was not at issue in the case. See *DeCastro*, 221 Ga. App. at 86. Instead, at several points during trial, his counsel posed questions to witnesses which suggested that R. B.'s brother could have been the perpetrator. The admission of the evidence was not an abuse of the trial court's discretion. See *Fortson v. State*, 280 Ga. 376, 379 (2) (2006) ("[t]he admission of relevant evidence that is challenged on the basis that its probative value is outweighed by its prejudicial impact is within the sound discretion of the trial court") (citation omitted); *Smith v. State*, 291 Ga. App. 545, 547 (2) (662 SE2d 323) (2008) ("[u]nless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value") (citation and punctuation omitted). Cf. OCGA § 24-4-403 (effective January 1, 2013) (allowing for the admission of relevant evidence unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

4

or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

Assuming arguendo that Bufford had a valid objection to the admission of the evidence regarding his former appearance, he did not show that his trial counsel was ineffective in failing to object. "To prevail on his claim of ineffective assistance of trial counsel, [an] appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." (Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). In reviewing a trial court's determination on a claim of ineffective assistance of counsel, we uphold the trial court's factual findings unless they are clearly erroneous and review the trial court's legal conclusions de novo. *Badie v. State*, 317 Ga. App. 712, 717 (2) (732 SE2d 553) (2012).

In denying Bufford's motion for new trial, the trial court determined that "[t]rial counsel's actions regarding the booking photo and related issues were ones of reasonable trial strategy." Bufford argues that the court had no basis for this determination because his trial counsel did not testify at the hearing on his motion for new trial. To the extent he suggests that the state was required to present evidence on

the issue of trial counsel's strategy, however, Bufford misapprehends the burden of proof. See *McClarity v. State*, 234 Ga. App. 348, 350 (3) (506 SE2d 392) (1998). Instead,

> [t]here is a strong presumption that a trial attorney's performance falls within a wide range of reasonable professional assistance. When trial counsel does not testify at the motion for new trial hearing, the defendant has an extremely difficult task to overcome the presumption. Judicial review of trial counsel's performance is highly deferential, and trial counsel's strategy was not unreasonable merely because appellate counsel would have pursued a different strategy.

(Citations omitted.) *Anderson v. State*, 274 Ga. 871, 873-874 (4) (560 SE2d 659) (2002).

Generally, whether to object to irrelevant evidence is a tactical and strategic decision. See *Anderson v. State*, 206 Ga. App. 354, 355 (2) (426 SE2d 6) (1992). And "[i]n the absence of contrary evidence, defense counsel's actions are presumed to be part of trial strategy." (Citations and punctuation omitted.) *McClarity*, 234 Ga. App. at 359 (3). There is no evidence in this case showing that trial counsel's actions were not part of her trial strategy; to the contrary, her attempts to explain Bufford's appearance through the questioning of witnesses suggests that she made a strategic decision about how to handle the state's evidence about Bufford's appearance.

Of course, "'[t]actics and strategy provide no talismanic protection against an ineffective assistance of counsel claim." (Citation and punctuation omitted.) *Benham v. State*, 277 Ga. 516, 518 (591 SE2d 824) (2004). There are sometimes decisions that no reasonable trial counsel would make under the circumstances. See, e.g., *Hall v. McPherson*, 284 Ga. 219, 232 (4) 663 SE2d 659) (2008); *Benham*, 277 Ga. at 518. But Bufford has not established that his counsel's decision to question witnesses about changes in his appearance rather than object to the state's evidence on that point was a decision that *no* reasonable trial counsel would make under the circumstances of this case. "[B]ecause [Bufford] did not question trial counsel concerning this decision, [he] has failed to carry [his] burden to demonstrate that trial counsel provided deficient performance." (Citation and punctuation omitted.) *Smith v. State*, 288 Ga. 348, 353 (8) (d) (703 SE2d 628) (2010). See also *Morgan v. State*, 276 Ga. 72, 77 (9) (575 SE2d 468) (2003) (affirming trial court's denial of motion for new trial on ineffective assistance ground, where trial counsel's action could have been a matter of reasonable trial strategy and trial counsel did not testify at motion for new trial hearing).

Furthermore, there is no merit in Bufford's argument that, under *Belt v. State*, 225 Ga. App. 813 (485 SE2d 39) (1997), he was not allowed to call his trial counsel

7

as a witness to establish that counsel's ineffectiveness. *Belt* concerned the prohibition against trial counsel asserting his or her own ineffectiveness while still representing the defendant. Id. at 814-815 (2) (a). Bufford, in contrast, was represented by new, post-conviction counsel at the hearing on his motion for new trial.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*