**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 19, 2014**

# In the Court of Appeals of Georgia

A14A0682. BODDIE v. THE STATE.

RAY, Judge.

The State indicted Kenneth Wayne Boddie for eight counts of sexual offenses against two of his four children.[1] A jury convicted him of incest (OCGA § 16-6-22 (a) (1)), child molestation (OCGA § 16-6-4 (a) (1)), and three counts of aggravated child molestation (OCGA § 16-6-4 (c)) for crimes committed against one of his daughters, S. B. He appeals from the denial of his particularized motion for a new trial contending that he received ineffective assistance of counsel. For the reasons that follow, we affirm.

---

[1] The same indictment also charged his wife, Kathleen Boddie, with one count of cruelty to children in the second degree (OCGA § 16-5-70 (c)), to which she entered a guilty plea. She testified for the State at her husband's trial in this case but is not otherwise a part of this appeal.

On appeal, we view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

At trial, S. B. testified that her father raped, sodomized, had oral sex with her, and "sexually abused" her with his hands, penis, or mouth on "my vagina, my breasts, and my butt" in an ongoing course of conduct occurring approximately "twice a week" when she was in sixth and seventh grade. Testimony showed that the last time she had sexual intercourse with her father was in January 2009, about two weeks before she made outcry to school counselors on February 3, 2009. The police officer who interviewed S. B. testified that she told him her father had been forcing her to have sexual encounters with him for about a year prior to the interview date of February 3, 2009. The indictment charged that the crimes occurred between August 9, 2007, and January 19, 2009.

Boddie testified in his own defense. He denied sexual conduct with S. B., but repeatedly stated that she asked him for sex and that he walked around the house naked after she did so. He acknowledged that when interviewed by police, he first denied having sex with S. B., then admitted to molesting her. He testified that this was not a voluntary statement and that he confessed only because "I felt like if I

hadn't, that they would arrest my wife and my daughter." He did not explain why he believed that the police might arrest his underage daughter.

On appeal, Boddie argues that he received ineffective assistance of counsel. In raising ineffective assistance, Boddie

> was required to show both that his counsel's performance was professionally deficient and that but for counsel's unprofessional conduct, there is a reasonable probability [that] the outcome of the proceedings would have been different. . . . The likelihood of a different result must be substantial, not just conceivable.

(Citations and punctuation omitted.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012).

In the instant case, the trial court in a detailed order found that Boddie had received effective assistance of counsel.

> The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous."

(Footnote omitted.) *Sarratt v. State*, 299 Ga. App. 568, 569 (2) (683 SE2d 10) (2009). "[W]e independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Hill*, supra.

1. Boddie argues that his trial lawyer was ineffective in failing to file a special demurrer requiring the State to allege specific dates for the child molestation and three aggravated child molestation charges. Boddie argues that greater specificity would have allowed him to provide an alibi defense.

"To succeed on his ineffective assistance claim, [Boddie] was required to show that his trial counsel's failure to specially demur materially impacted his ability to present a defense, thereby creating a reasonable probability that counsel's deficiency changed the outcome of the case." (Citation and punctuation omitted.) *Chalk v. State*, 318 Ga. App. 45, 47 (1) (a) (733 SE2d 351) (2012). He additionally was required to show that counsel's performance fell below the broad range of reasonable professional assistance presumed to be rendered by members of the bar. Id. at 46 (1).

Here, the indictment provided a range of dates for the four charges, alleging that they occurred between August 9, 2007, and January 19, 2009, "the exact date of the offense[s] being unknown to the Grand Jury[.]" The indictment did not specifically allege that the dates were material. "For this reason, the date[s] alleged

4

were not . . . material element[s] to be proven with specificity by the State." (Citation omitted.) Id.

At the hearing on his motion for new trial, Boddie testified that he was away from S. B. at certain times between August and December, but in most instances did not testify as to specific dates or years, or whether he was out of town or just absent for a few hours. The most specific instance of his testimony showed that his wife was hospitalized on November 24, 2008, and that he spent time with her. There was no testimony as to whether he spent the night at the hospital or was only away from S. B. for a few hours. He also testified that his wife's birthday is September 28, and that on that date in both 2007 and 2008 that he spent time with her, but did not travel away from home. Finally, he testified that between December 28 and January 4, he was testifying in a trial involving a woman with whom he was having an affair. He did not indicate in what year the trial occurred, nor did he state whether he was out of town for those days or merely gone for some hours. He also stated that once school started, he only spent about four hours a day with the children.

Boddie "did not proffer any evidence showing that he had a possible defense" for the series of offenses that recurred approximately twice weekly between August 9, 2007, and January 19, 2009. (Citation omitted.) *Chalk*, supra at 47 (1) (a).

"Consequently, [Boddie] has failed to demonstrate that he was surprised or unable to present a defense due to the [range of dates] in the indictment; therefore, his claim of ineffective assistance of counsel on this ground affords no basis for reversal." (Citation omitted.) Id. See *Eberhardt v. State*, 257 Ga. 420, 421 (2) (359 SE2d 908) (1987) (where State shows a pattern of ongoing occurrence of abuse, defendant cannot claim surprise if "every date of alleged abuse was not specified in the indictment"). See also *Adams v. State*, 288 Ga. 695, 699 (2) (707 SE2d 359) (2011) (where approximate dates for the commission of crimes may be determined by the evidence presented, the evidence is sufficient to support the allegations in the indictment).

> [I]t is well established that where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitation[]. An exception exists where the evidence of the [S]tate proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial.

(Citation omitted.) *Lewis v. State*, 304 Ga. App. 831, 834 (2) (698 SE2d 365) (2010). Here, the State proved that the crimes took place within the range of dates in the

6

indictment, not at "substantially different" times. Further, at the motion for new trial hearing, Boddie's trial counsel testified that alibi was not a viable defense. She stated that because the crimes which Boddie was accused of committing took place as an ongoing pattern of conduct occurring approximately twice a week over a 13-month "timeframe, alibi didn't really fit into that. He just denied that it even had happened. So I don't think alibi was the appropriate defense in that . . . he said it didn't happen." Trial counsel testified that she did not typically consider an alibi defense in cases involving allegations of ongoing conduct, but in Boddie's case, "[h]e gave us lists and lists of people, family members, things like that, that he wanted us to interview. And to the best of our ability we interviewed or attempted to contact everybody" but found no basis for a viable alibi defense. Given this, counsel testified that she saw no basis for filing a demurrer.

"Of course, tactics and strategy provide no talismanic protection against an ineffective assistance of counsel claim. There are sometimes decisions that no reasonable trial counsel would make under the circumstances." (Citations and punctuation omitted.) *Bufford v. State*, 320 Ga. App. 123, 126 (3) (739 SE2d 421) (2013). This case does not demonstrate that type of unreasonable decision. In the instant case, trial counsel's "testimony demonstrates that [her] failure to seek greater

specificity in the indictment was a strategic decision made after consideration of the . . . likelihood of success. Counsel's calculation was not based on a legal error, and such strategic decisions do not amount to deficient performance." (Footnote omitted.) *Allen v. State*, 318 Ga. App. 531, 533-534 (1) (734 SE2d 260) (2012). Further, "because a defendant can be re-indicted after the grant of a special demurrer, a failure to file such a demurrer generally will not support a finding of ineffective assistance of counsel." (Citation omitted.) *Moore v. State*, 319 Ga. App. 766, 776 (8) (d) (738 SE2d 348) (2013).

Boddie has shown neither deficient performance nor prejudice. The trial court did not err.

2. Boddie next argues that trial counsel was ineffective in "not adequately discussing the case with [him] with regard to the range of dates alleged in the indictment."

At trial, Boddie was represented by two attorneys. He called only one to testify at the motion for new trial hearing. At that hearing, Boddie repeatedly testified that he did, in fact, talk with trial counsel about dates when he was away from S. B., but "not in any great detail[.]"

The trial attorney who testified at Boddie's motion for new trial hearing stated that she discussed the date range in the indictment with him but did not recall any specific conversations. She also testified that she did not discuss narrowing the date range with him via a demurrer, and that she could not specifically recall whether she and Boddie discussed filing a demurrer. She did recall discussing two instances when Boddie was absent from S. B.'s home because he was meeting other women, but she supplied no dates.

As we discussed in Division 1, trial counsel testified that she did not believe alibi was the appropriate defense because Boddie denied that anything untoward had happened with S. B. She testified that, given her determination after interviewing Boddie's list of potential alibi witnesses that he did not have a viable alibi defense to an accusation involving a repeating pattern of conduct over a range of dates, she saw no basis for filing a demurrer.

Trial counsel testified that she was prepared to try the case and had the opportunity to discuss the case thoroughly with Boddie. Her testimony as cited above clearly indicates that she was aware of Boddie's absences from the home and investigated his alibi witnesses. His testimony shows that he had some discussions of dates with this attorney, although perhaps not with the level of detail he now

desires. However, at the motion for new trial hearing, Boddie did not ask this trial attorney whether any lack of discussion of the date range contributed to her failure to file a demurrer. Thus, the only evidence in the record indicates that she did discuss the date range with him and that her decision not to demur was a strategic one backed by legitimate reasoning. "[T]here exists no magic amount of time which counsel must spend in actual conference with [her] client." (Citation and punctuation omitted.) *Ruffin v. State*, 283 Ga. 87, 91 (12) (d) (656 SE2d 140) (2008). Further, trial counsel stated that her co-counsel had more contact and discussions with Boddie than she did. Boddie did not call this other attorney to testify. See *Bufford*, supra at 126, citing *Morgan v. State*, 276 Ga. 72, 77 (9) (575 SE2d 468) (2003) (affirming trial court's denial of motion for new trial on ineffectiveness claim where trial counsel's action could have been part of reasonable trial strategy and trial counsel did not testify at motion for new trial hearing). The trial court did not err.

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur.*