## 40695. WIGGINS v. THE STATE.

MARSHALL, Presiding Justice.

Sanford Wiggins appeals from his conviction of the February 21, 1983, malice murder of Cleon Evans, Jr., for which he was sentenced to life imprisonment.[1] Although the sufficiency of the evidence to support the conviction is not challenged on appeal, there was evidence as follows. The decedent was unable to park his car in his accustomed place in the alleyway behind the defendant's apartment, so he parked blocking the defendant's door. The defendant became angry, and either dragged the decedent (who had offered to move his car) into the defendant's apartment or went into his apartment to get his pistol and the decedent followed him, after which, in either event, the defendant fatally shot the unarmed decedent in the chest and leg (he pulled the trigger six times and his pistol misfired three times). The defendant stated to investigating police officers, "I shot first."

1. The trial court did not abuse its discretion in refusing to permit defense counsel to inquire of prospective jurors on voir dire as to whether they had served previously as jurors generally, or in that same courtroom specifically, especially where they had already been questioned as to possible prejudice and had been charged by the trial judge as to their duties as jurors. See *Henderson v. State,* 251 Ga. 398, 401 (1) (306 SE2d 645) (1983) and cits.; *Castell v. State,* 250 Ga. 776, 784 (5a) (301 SE2d 234) (1983) and cits. Enumerated error 1 is without merit.

2. In enumerated errors 2, 3, 4 and 5, the appellant contends that the trial court erred in its charge to the jury on self-defense, because it was incomplete, detrimental, erroneous as to the burden of proof, and failed to state self-defense as an affirmative defense.

The relevant portions of the charge on self-defense are as follows: "I further charge you that the state has the burden of proof on every element of a crime including self-defense, either of the person or of the home . . .

---

[1] The jury returned its verdict of guilty on September 7, 1983. A motion for new trial was filed on September 30, 1983. The motion for new trial as amended was heard and overruled on December 7, 1983. Notice of appeal was filed on December 15, the transcript of evidence was filed in the trial court on December 27, 1983, and the case was docketed in this court on January 4, 1984. Oral argument was heard on March 12, 1984.

"I charge you further with reference to self-defense of the person, that a person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against such other's imminent use of unlawful force. However, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself, or in the commission of a forcible felony. I charge you that a reasonable belief means that the person concerned, acting as a reasonable man, believes that the facts just given to you exist. A forcible felony means any felony which involves the use of threat of physical force or violence against any person.

"A person is not justified in using force under the circumstances just described if, one, he initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant, or was the aggressor.

"I further charge you in considering the act of self-defense, you should bear in mind that a person is not entitled to use greater force than is necessary to repel the attack against them [sic]."

The trial court also charged the jury on the overall presumption of innocence in favor of the appellant; that the state had the burden of proving the appellant guilty beyond a reasonable doubt; that the burden of proof of the offenses charged was on the state; and on the use of force in defense of a person's habitation, substantially in the language of OCGA § 16-3-23 (Code Ann. § 26-903).

The charge on self-defense, viewed in the context of the charge as a whole, contained nearly the precise language of the statute (i.e., OCGA § 16-3-21, Code Ann. §§ 26-902, 27-207), covered the same principles of law as the requested charge, and is not subject to the objections raised. See *Strickland v. State,* 250 Ga. 624 (6) (300 SE2d 156) (1983) and cits.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who dissents from Division 1 and the judgment.*

DECIDED APRIL 4, 1984 —
REHEARING DENIED APRIL 24, 1984.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.