## 45672. WADLEY v. THE STATE.
(369 SE2d 734)

GREGORY, Justice.

We remanded this murder conviction in *Wadley v. State,* 257 Ga. 280 (357 SE2d 588) (1987), on the issue of ineffective assistance of counsel. The trial court considered the issue and found that former counsel rendered effective assistance. Wadley appeals.

Wadley contends his attorney at trial was ineffective because he failed to preserve an issue for appeal. The trial judge did not charge the jury on the crime of voluntary manslaughter. The attorney made no exception to the charge and failed to reserve the right to do so later. Because of this procedural default we refused to review the alleged error of failure to charge voluntary manslaughter when the case was here on direct appeal. *Wadley,* supra. Now we must determine if the omission constitutes ineffective assistance of counsel under *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

We consider the facts in the light most favorable to Wadley's claim that the court should have charged voluntary manslaughter. Wadley, the deceased, and some other men worked on a car at a friend's house most of July 20, 1985. In the late afternoon there was some horseplay consisting of wrestling and boxing. The deceased struck Wadley with a hard punch and Wadley responded in kind. The deceased became angry, threatened to retrieve his pistol and "get" Wadley. Wadley left for his home as the deceased began searching for his pistol.

The deceased continued to make threats against Wadley and finally left the house searching for him. Roger Ervin saw the deceased leave with a concealed gun and reported this to Wadley. Wadley borrowed a shotgun for protection and continued toward his home. Enroute he met the deceased on a dark street around 8:30 or 9 o'clock p.m. The deceased again threatened to "get" him and said, "I'm going to kill you." He reached in his pocket as if he were going for a weapon and began advancing toward Wadley despite Wadley's urging him not to. Wadley then shot the deceased because he was afraid of him. He

died from the gunshot wound. (As outlined in our earlier opinion, there was evidence conflicting with the above that the two were standing 15 feet apart facing each other. The deceased was unarmed. He said to Wadley, "if you are going to shoot me, shoot me now." Wadley shot him.) At trial the attorney who represented Wadley made an oral request for the judge to instruct the jury on the crime of voluntary manslaughter. While the general rule is such a request must be in writing, *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976), the custom in the court below is to permit oral requests. The trial judge considered the oral request on its merits and declined to give the charge believing there was no evidence to support it. After the charge the judge asked if there were any exceptions. Counsel answered there were none and did not reserve the right to except later.

1. The issue whether the local custom is sufficient to overcome the rule of *Stonaker*, supra, is not reached. It is assumed that it does for the purposes of this opinion. We go on to consider the issue of ineffective assistance of counsel in light of counsel's failure to preserve the issue following the charge.

2. If the asserted error of failure to charge the jury on the principle of voluntary manslaughter is properly preserved at the trial level and presented on appeal the question for the appellate court is whether there is *any evidence* of voluntary manslaughter. *Banks v. State*, 227 Ga. 578, 580 (182 SE2d 106) (1971). That is not the test when a challenge to a conviction is based on ineffective assistance of counsel indirectly raising the question whether it was error not to charge voluntary manslaughter. When the asserted error of failure to charge voluntary manslaughter is one step removed through the vehicle of a claim of ineffective assistance of counsel the test is whether, absent the error of counsel, there is a *reasonable probability* the jury would have reached a verdict of guilty of voluntary manslaughter. When reached directly the test is the any evidence rule. When reached indirectly through a claim of ineffective assistance of counsel the test is reasonable probability.

We assume, without deciding, there was some evidence to authorize a charge on voluntary manslaughter. Our task is to determine if there was ineffective assistance of counsel.

3. For this we turn to *Strickland v. Washington*, supra. The court established a two-part test. A. First, is a measure of the performance of counsel. B. Second, is a requirement that deficient performance of counsel prejudice the defense.

The performance of counsel test requires counsel to perform reasonably under prevailing professional norms. We do not evaluate this prong of the test because the issue turns on the second prong. If there was no prejudice to the defense, it does not matter whether the performance of counsel was adequate. Therefore, we turn to the second

prong of the test.

4. It is made plain in *Strickland* that the opinion does not establish mechanical rules. The ultimate focus is on fundamental fairness. Even so, there are principles to guide the process of decision. One of these is the principle the defendant must show that, but for inadequate performance of counsel, there is a reasonable probability the result would have been different. This is the showing of prejudice to the defense, required by the second prong of the test.

In terms of this case one may ask if there is a reasonable probability the jury would have returned a verdict of guilty of voluntary manslaughter through a correct application of that principle to the facts of the case. This is quite different from the question whether there was any evidence of voluntary manslaughter. We do not answer the latter question. The answer to the former is no.

The evidence Wadley relies on is adequate to support a verdict of not guilty because he acted in self-defense, but it hardly raises a reasonable probability that a jury would return a verdict of voluntary manslaughter.

Voluntary manslaughter occurs

> where one causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as a result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.

OCGA § 16-5-2 (a).

Wadley contends the fear engendered in him by the threats of the deceased constitutes provocation sufficient to meet the test. Even if it is enough evidence to authorize a charge it is insufficient to afford any relief when tested under the rule for ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1988 —
RECONSIDERATION DENIED JULY 29, 1988.

*Curtis & Alexander, Robert L. Doyel*, for appellant.

*Beverly B. Hayes, Jr., District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for

appellee.

