## 77565. PROPHITT v. THE STATE.
### (381 SE2d 83)

BENHAM, Judge.

This is the second appearance of this case before this court. See *Prophitt v. State*, 183 Ga. App. 332 (358 SE2d 892) (1987). Appellant again appeals the judgment of conviction for two counts of aggravated assault.

1. Appellant reprises his contention that the trial court erred in admitting evidence of a 1973 conviction of aggravated assault with a pistol. This time he argues that the State did not prove him to be the same Ben Prophitt named in the 1973 document. We find no error. Although appellant objected to the introduction of the document, he produced no proof to the contrary as required by *Glass v. State*, 181 Ga. App. 448 (1) (352 SE2d 642) (1987). The concordance of names (Ben Prophitt/Ben David Prophitt) was sufficient proof of identity under the circumstances. Id. We also reaffirm the admission of the evidence on the grounds set out in appellant's earlier case. *Prophitt*, supra, Division 2.

2. Appellant takes the position that his trial attorney denied him the Sixth Amendment right to be represented by competent counsel and effective assistance of counsel by pursuing an insanity defense at trial, rather than one of self-defense. This issue was not raised during the first appeal of this case. " 'To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [Cits.]' " *Waddell v. State*, 190 Ga. App. 499 (379 SE2d 592) (1989). "The complaining defendant must make both showings. His failure 'to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.' [Cit.] A reviewing court need not 'address both components if the defendant makes an insufficient showing on one,' [cit.], nor must the components be addressed in any particular order. [Cit.]" *Ford v. State*, 255 Ga. 81, 85 (335 SE2d 567) (1985). Our review of the record shows that appellant and the other witnesses testified to the same basic set of facts: that while appellant and the two victims, Barrett and Kirk, were working, appellant and Kirk started arguing. Appellant picked up a hammer, one of his work tools, and struck Kirk with it at least twice and shot him with a revolver. Appellant then ran through the work facility to another area where Barrett was operating equipment, and shot Barrett three times with the gun. Only appellant's testimony supports his theory of self-defense, and it is far from compelling. None of the other witnesses gives an indication that appellant was defending himself in the incident. It is highly unlikely that the jury would have found appellant not guilty had the self-defense theory been more aggressively pursued at trial, and so we find that appellant failed to establish the prejudice component of his Sixth Amendment claim. His rights were not violated in this regard.

3. Appellant claims that the trial court's charges about the burden of proving appellant's insanity were confusing, inaccurate, and burden-shifting. We disagree. Reviewing the charge as a whole, we find that the court properly charged the jury that appellant carried the burden of proving his insanity, and otherwise acted in accordance with the approach approved in *Keener v. State*, 254 Ga. 699 (334 SE2d 175) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989 —
REHEARING DENIED MARCH 23, 1989 —

*Dale P. Smith,* for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney,* for appellee.
*T. Andrew Dowdy,* amicus curiae.