A91A0590. ZACHERY v. THE STATE.
(406 SE2d 243)

SOGNIER, Chief Judge.
Alexander Zachery was charged with murder in the shooting death of Kenneth Banks, and a Bartow County jury convicted him of voluntary manslaughter. He appeals from the denial of his motion for new trial.

Appellant's sole enumeration raises the general grounds. Specifically, appellant asserts that the evidence demands a finding of justification pursuant to OCGA § 16-3-23.

Construed to support the verdict, the evidence adduced at trial established that appellant and Banks lived in the same Kingston neighborhood and had been acquainted with one another for several years. Early in the evening of Saturday, March 4, 1989, after consuming several shots of corn whiskey at his home, appellant went to a neighborhood cafe. Upon encountering Banks outside after the cafe closed, appellant asked for a ride home. When the two men arrived at appellant's home, appellant invited Banks inside for a drink. James Newell, who was living with appellant at the time, testified that when he arrived at the house about 8:30 p.m., Banks and appellant were sitting in the living room drinking corn whiskey. Newell recalled that

appellant and Banks' conversation grew louder over the course of the evening as they continued to drink. At one point, Newell stated, Banks left the room to use the bathroom, and returned in a disheveled state and stumbled over and broke a coffee table. After Banks then bumped into a floor heater and fumbled with a picture hanging on the wall, appellant instructed him to leave. Newell testified that Banks resisted, departed and returned once to argue with appellant, and ultimately left the house a second time. Newell then locked the door. Banks stayed outside the house, banging on the door and shouting at appellant. Newell observed appellant take a shotgun from his gun rack, walk to the front door and "[do] something to the knob." Appellant then fired a shot through the closed door. Banks continued to pound on the door, and then opened it and walked three or four steps into the room where appellant was seated on the couch holding the shotgun. Newell testified that when Banks approached appellant, shouting and dodging the gun, appellant fired one shot, hitting the victim in the neck. Appellant walked to his sister's home a few blocks away and asked her to call police. Two county investigators arrived at 11:25 p.m. and found Banks' body lying several feet inside appellant's front door. The county medical examiner testified that the shotgun bullet, which he estimated was fired from three or four feet away, penetrated Banks' lung and severely injured his spine, and the latter injury caused his death.

Appellant testified that he wanted Banks to leave once he became so intoxicated that he disturbed the furniture and other items in appellant's home, but that Banks became belligerent and argumentative when appellant told him to leave. After Banks departed from the house but continued to bang on the front door and curse loudly, appellant stated he fired the warning shot through the door in an attempt to scare Banks. Appellant recalled that the shouting stopped for a few minutes, but Banks soon started pounding on the door and cursing at appellant again. Appellant testified that Banks entered the house with his hand in his pocket and advanced toward appellant, threatening to kill him. Appellant then fired a shot "to stop the man from hurting me or something or killing me, whatever he had in mind to do." He stated that he was aware of Banks' tendency to become violent when he drank, and that after Banks failed to leave despite the warning shot, he became "scared for [his] life." The investigators found no weapon on or near Banks' body, and Newell testified he did not see Banks with a weapon.

"A person is justified in using deadly force in defense of habitation only if the entry into his habitation is made or attempted in a violent and tumultuous manner and he reasonably believes the entry is being made for the purpose of assaulting or offering personal violence to a person therein, or to commit a felony therein, and such

force is necessary to prevent the assault, personal violence or felony. [OCGA § 16-3-23]." *Washington v. State*, 245 Ga. 117, 119 (263 SE2d 152) (1980). Although there was evidence that Banks' entry into appellant's home was "tumultuous," the jury was authorized to conclude that Banks was unarmed and that deadly force was not necessary for appellant's protection. Appellant contends the verdict was against the weight of the evidence; however, this court reviews the sufficiency of the evidence, not its weight. *Rose v. State*, 195 Ga. App. 399, 400 (1) (393 SE2d 459) (1990). We hold the evidence was sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to authorize a verdict of voluntary manslaughter. See *Tew v. State*, 179 Ga. App. 369-372 (346 SE2d 833) (1986).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 22, 1991 —
REHEARING DENIED JUNE 6, 1991.

*Harry B. White*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.