## A00A0572. WELCH v. THE STATE.
### (534 SE2d 471)

MILLER, Judge.

Convicted of burglary[1] and kidnapping with bodily injury,[2] Willie Welch moved for a new trial on the general grounds and on the ground that he received ineffective assistance of counsel. After two evidentiary hearings, the court denied the motion. Because evidence supports the jury's verdict and the court's ruling, we affirm.

1. The enumeration of the general grounds specifically challenges the evidence identifying Welch as the attacker. Construed in favor of the verdict, the trial evidence showed that Welch knocked at the victim's apartment and requested that she call him a cab. The victim recognized "Willie" as a laborer who had been repairing water damage at her apartment and gave him her phone book to use. When the victim unchained her door to hand Welch her phone, he burst in, grabbed her arm and throat, and demanded money. He then dragged her fighting and screaming outside the apartment to a more secluded area. There he attempted to rape her by pinning her to the ground and undoing her pants. As Welch undid his own pants, the victim tried to twist away, and Welch mashed her face into the ground. Hearing the victim's screams, a neighbor investigated and scared Welch away.

Police arrived to find the victim in a distraught and disheveled shape, with cuts requiring stitches on her hands and marks on her neck. The apartment and area outside indicated a struggle. Having

---

[1] OCGA § 16-7-1 (a).
[2] OCGA § 16-5-40 (b).

clearly seen and recognized Welch's face in the light of her apartment and having heard him identify himself as "Willie," she reported his name and likeness to police. Before an hour had passed, an officer familiar with Welch found him within a mile of the scene, whereupon Welch fled.

Forensics determined that one of Welch's fingerprints was on the phone book. The victim picked Welch's picture out of a photo lineup and unequivocally identified him in court as the attacker. Combined with Welch's presence near the scene, this evidence amply sustains the convictions under the standard of *Jackson v. Virginia*.[3] Welch's contention on appeal that the evidence was insufficient to prove he was the attacker is without merit.[4]

2. Citing seven alleged errors by trial counsel, Welch argues that he received ineffective assistance of counsel. "To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense."[5] With regard to the first prong, Welch bore the burden at the new trial hearings of overcoming the strong presumption that his counsel's conduct fell within the broad range of reasonable professional conduct.[6] With regard to the second prong, Welch had to show that the alleged deficient performance *actually* prejudiced his case, i.e., that there was a reasonable probability the jury would have reached a different verdict absent the error of counsel.[7]

Welch makes no effort on appeal to show he met the second prong other than (with one exception) to conclude each subsection of his brief discussing an alleged error with the mantra, "Additionally, there is a reasonable probability that the outcome of the trial would have been different, but for trial counsel's" error. The one time he tries to articulate how the error would have affected the jury's verdict is his argument that the jury would have found reasonable doubt if counsel had presented evidence of alleged test results of blood and hair samples taken from Welch. Yet Welch presented no evidence below that these test results existed or what they would have shown. Moreover, no evidence showed that blood or hair samples were taken from the crime scene, and the State presented no forensic evidence

---

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993) (burglary); *Jessup v. State*, 224 Ga. App. 176, 177 (480 SE2d 232) (1996) (kidnapping with bodily injury).

[4] See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Ringo v. State*, 236 Ga. App. 38, 40 (510 SE2d 893) (1999).

[5] (Punctuation and footnote omitted.) *McClarity v. State*, 234 Ga. App. 348, 350 (3) (506 SE2d 392) (1998), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[6] *McClarity*, supra, 234 Ga. App. at 350 (3).

[7] *Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554) (1992); accord *McClarity*, supra, 234 Ga. App. at 350 (3).

(other than the fingerprint) linking Welch to the scene. The argument of prejudice is nothing more than rampant speculation. Thus, Welch wholly failed to show the second prong required to establish an ineffective assistance claim.

Moreover, with regard to the other six alleged errors, Welch also failed to show the first prong, i.e., that counsel's performance was deficient. The decisions on which witnesses to call, what objections to make, and what defenses to pursue are strategic choices that, when made after thorough investigation, are virtually unchallengeable.[8] In this case, it is unnecessary to address individually each and every one of Welch's six instances of challenged trial tactics. Our review of the two evidentiary hearings in which trial counsel defended his decisions reveals ample support for the trial court's conclusion that Welch failed to carry his burden of showing deficient performance.[9] Accordingly, we affirm.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 3, 2000.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellee.

---

[8] *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999).
[9] See id.; see generally *McClarity*, supra, 234 Ga. App. at 350 (3) (clearly erroneous standard applies to findings on ineffective assistance).