## S03G1015. BENHAM v. THE STATE.
### (591 SE2d 824)

THOMPSON, Justice.

In this granted certiorari, we hold that Jamerica Benham was denied constitutionally effective assistance of trial counsel by counsel's failure to request a jury instruction on the use of force in defense of habitation as provided in OCGA § 16-3-23. To the extent that the Court of Appeals ruled otherwise in *Benham v. State*, 260 Ga. App. 243 (5) (b) (581 SE2d 586) (2003), that case is hereby reversed.

Benham was convicted of the aggravated assault of Farrah Kennemore and was sentenced to serve ten years in prison plus ten years on probation. The trial evidence showed that there was a history of animosity between Benham and Kennemore due to the fact that Kennemore's husband had fathered children with both women. One week earlier, the two women had argued and Kennemore accused Benham of "disrespecting" her. On the day in question, Kennemore went to the apartment of her sister-in-law who had been babysitting for Kennemore's son. Shortly thereafter, Benham drove up and parked in front of the building; she had three young children in her car. Benham remained in her car with her children while she engaged in a conversation with neighborhood friends. As Kennemore prepared to leave the apartment, she told her sister-in-law, "I'm going to go out there and front [sic] [Benham]." Despite admonitions from her sister-in-law to avoid a confrontation, Kennemore left the building and approached the front passenger window of Benham's car. Over the head of Benham's eight-year-old son who was seated in the front passenger seat, Kennemore told Benham, "you ain't going to keep disrespecting me." A heated conversation ensued between the two women. Kennemore then walked around the car and confronted Benham at the driver's side where the argument escalated through the open window. Although there were several onlookers, no one was in a position to observe how the physical altercation began. Kennemore admitted to throwing the first blow, but only after Benham grabbed her shirt. Benham testified that Kennemore reached into the car window and began clawing at her face and although she tried to fight back, Kennemore would not let go of her face; Benham then grabbed a box cutter from the console and repeatedly slashed Kennemore. Observers saw Kennemore reach inside the car window to strike at Benham. Another one of Kennemore's sisters-in-law twice attempted to pull her away from Benham's car, but she resisted both attempts, stating "hell no, bitch," while continuing to fight through the open window. While this was going on, Benham tried to drive away but her path was blocked by onlookers in the street. Ultimately, Kennemore was pulled away from the car and Benham was able to drive from the scene.

In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness, and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Doctor v. State*, 275 Ga. 612 (5) (571 SE2d 347) (2002).

At trial, defense counsel proffered a justification defense pursuant to OCGA § 16-3-21, and the jury was charged accordingly. The jury was thus authorized to consider a defense of self-defense only if they found that Benham reasonably believed her use of deadly force was necessary to prevent death or great bodily injury to herself or others, or to prevent a forcible felony. Id. The jury was also instructed under OCGA § 16-3-21 (b) (1) that they must reject the justification defense if they found that Benham initially provoked the attack with the intent to use force as an excuse to inflict bodily harm on her assailant.

Counsel did not request a jury instruction on defense of habitation under OCGA § 16-3-23 (1), and none was given. That statute authorizes the use of force which is intended to cause death or great bodily injury to prevent or terminate unlawful entry into or attack upon a "habitation" (including a motor vehicle under OCGA § 16-3-24.1) if the "entry is made or attempted in a violent and tumultuous manner" and there is a reasonable belief that the entry is made "for the purpose of assaulting or offering personal violence to any person" therein. The uncontroverted evidence adduced at trial clearly would have authorized such a charge. Not only did Benham and Kennemore both testify that the latter landed the first blow through the car window, eyewitnesses also testified that Kennemore reached into the car and struck Benham, and that it took two attempts to restrain Kennemore from continuing the attack.[1]

At the hearing on the motion for new trial, defense counsel was asked why she failed to request a charge pursuant to OCGA § 16-3-23 (1). She responded that she considered self-defense to be Benham's best defense, and that she wanted the jury to believe Benham was in fear for her safety and the safety of her children, not that she was merely protecting her vehicle. From this response, it is evident that defense counsel failed to appreciate that the defense of habitation may have justified the use of deadly force in this case even if that amount of force was not necessarily required to repel Kennemore's attack. In failing to adequately research and understand the defenses available to her client, defense counsel rendered assis-

---

[1] The dissent incorrectly characterizes the evidence; Benham's description of the attack ("I'm sitting in my car with my seat belt on. She entered my car and attacked me") is supported by several eyewitnesses.

tance that fell below the minimum standard set forth in *Strickland*, supra.

The Court of Appeals characterized counsel's decision as trial strategy, and it found no error. But "[i]nvoking the words 'tactics' and 'strategy' does not automatically immunize trial counsel against a claim that a tactical decision or strategic maneuver was an unreasonable one no competent attorney would have made under the same circumstances. 'Tactics' and 'strategy' provide no talismanic protection against an ineffective assistance of counsel claim." *Braithwaite v. State*, 275 Ga. 884, 895 (572 SE2d 612) (2002) (Hunstein, J., dissenting). Even assuming that trial counsel in this case knowingly made the tactical decision to forego requesting a charge on defense of habitation, it is not a *reasonable* decision a competent attorney would have made under the same circumstances.

As for the prejudice prong of *Strickland*, the inquiry is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Stanford v. Stewart*, 274 Ga. 468 (1) (554 SE2d 480) (2001). Had the jury been properly charged on defense of habitation, it is reasonably probable that they would have accepted the substantial evidence that Kennemore unlawfully entered Benham's car in a violent and tumultuous manner for the purpose of offering personal violence to the occupants. The only evidence to the contrary came from Kennemore who testified that she could not withdraw because Benham was holding onto her shirt. The jury would have been authorized to discredit that evidence, accept the testimony of the disinterested witnesses who stated that Kennemore refused to be ejected from the fracas, and conclude that Benham was justified under the circumstances in using deadly force to repel the attack. Thus, Benham established both that her trial counsel was deficient, and but for counsel's error there is a reasonable probability the result of the proceeding would have been different. *Strickland*, supra.

*Judgment reversed. Fletcher, C. J., Sears, P. J., Hunstein and Hines, JJ., and Judge Kathy Palmer concur. Carley, J., dissents. Benham, J., not participating.*

CARLEY, Justice, dissenting.

I respectfully submit that the majority misapprehends the statutory parameters of the defense of habitation and, as a result, it does not properly analyze Appellant's claim that her trial counsel was ineffective. An accurate understanding of that defense demands the conclusion that, even if Appellant's trial counsel had requested a jury instruction on the defense, there is no reasonable probability that the outcome of the trial would have been different. Therefore, Appellant has not met the prejudice prong of *Strickland v. Washington*, 466

U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), and the Court of Appeals correctly affirmed her conviction.

Appellant's attorney requested a charge on self-defense, and the trial court gave a full and fair instruction on that defense. The decisions of defense counsel regarding " 'the choice of defenses and theories to be advanced at trial, even if unwise, are deemed matters of tactic and strategy; as a matter of law, strategic decisions do not amount to ineffective assistance of counsel.' [Cit.]" *Fairclough v. State*, 276 Ga. 602, 605 (4) (581 SE2d 3) (2003). See also *Welch v. State*, 243 Ga. App. 798, 800 (2) (534 SE2d 471) (2000). There is considerable doubt whether the defense of habitation is anything other than a specialized adaptation of the concept of self-defense. See *Wiggins v. State*, 252 Ga. 467 (2) (314 SE2d 212) (1984). For purposes of this opinion, however, I will assume that the two defenses can materially differ, and that the failure of Appellant's trial attorney to request an additional charge on the defense of habitation is one of those rare instances in which counsel's choice of defense fell below an objective standard of reasonableness. " '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .' [Cit.]" *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). "If there was no prejudice to the defense, it does not matter whether the performance of counsel was adequate." *Wadley v. State*, 258 Ga. 465, 466 (3) (369 SE2d 734) (1988). Where, as here, an asserted error of failure to charge is reached indirectly through a claim of ineffective assistance of counsel, the test for prejudice is not the "any evidence" rule, but "is whether, had the charge been requested, authorized, and given, there is a *reasonable probability* it would have changed the outcome of the trial. [Cits.]" (Emphasis in original.) *Springs v. Seese*, 274 Ga. 659, 661 (3) (558 SE2d 710) (2002). See also *Wadley v. State*, supra at 466 (2).

The majority states, with no explanation or citation of authority, that "the defense of habitation may have justified the use of deadly force in this case even if that amount of force was not necessarily required to repel Kennemore's attack." Majority opinion, p. 517. To the contrary, however, the portion of the statute upon which the majority relies specifically provides that a "person is justified in the use of force which is intended or likely to cause death or great bodily harm only if . . . he or she reasonably believes . . . that *such* force is necessary to prevent the assault or offer of personal violence. . . ." (Emphasis supplied.) OCGA § 16-3-23 (1). The only significant difference between this statute and OCGA § 16-3-21 (a), which defines self-defense, other than the entry or attack on a habitation, appears to be "the degree of violence necessary to be shown on the part of the *assailant*." (Emphasis supplied.) *Leverette v. State*, 104 Ga. App. 743,

745 (3) (122 SE2d 745) (1961). See also *Zachery v. State*, 199 Ga. App. 891, 893 (406 SE2d 243) (1991). Thus, the defense of habitation justified the use of deadly force in this case only if Appellant reasonably believed that such force was necessarily required to repel the victim's alleged violent and tumultuous entry into Appellant's vehicle. Therefore, the majority incorrectly states that the defense of habitation by use of deadly force was available to her even if it was not a necessary response to the victim's attack.

The majority wholly disregards this essential element of the defense of habitation, as a consequence of its misinterpretation of OCGA § 16-3-23 (1), when it addresses the prejudice prong:

> Had the jury been properly charged on defense of habitation, it is reasonably probable that they would have accepted the substantial evidence that Kennemore unlawfully entered [Appellant]'s car in a violent and tumultuous manner for the purpose of offering personal violence to the occupants.

Majority opinion, p. 518. The majority bases this conclusion on its earlier, limited summary of only that testimony which it believes supports the defense of habitation. There may be substantial evidence that Appellant was justified in using non-deadly force to prevent the victim's entry and assault. However, the crucial consideration is the evidence that she reasonably believed that deadly force was necessary. The only evidence in that regard is Appellant's own testimony. See *Allen v. State*, 260 Ga. 147, 149 (5) (a) (390 SE2d 848) (1990), disapproved on other grounds, *Davis v. State*, 269 Ga. 276, 280 (3) (496 SE2d 699) (1998). She testified that the victim, upon reaching into the car without provocation, grabbed and clawed her face and eyes so violently that she feared blindness or other serious injury and felt her life was in danger. Assuming that this testimony would authorize an instruction on the defense of habitation in addition to that of self-defense, it is not supported by any other witnesses and is far from compelling. See *Prophitt v. State*, 191 Ga. App. 5, 6 (2) (381 SE2d 83) (1989).

The mere fact that Appellant's testimony, which may constitute some modicum of evidence of the reasonable belief in the necessity of deadly force required for self-defense, also proves the same reasonable belief which is necessary for the defense of habitation, does not in and of itself raise a remotely reasonable probability that a jury would rely on that testimony, reject the contrary strong evidence offered by the State, and return a verdict of not guilty. See *Wadley v. State*, supra at 467 (4). In this case, the evidence of Appellant's reasonable belief in the necessity of deadly force allegedly supporting a charge on defense of habitation is identical to that which authorized

the instruction given on self-defense. Therefore, in concluding that she did not act in self-defense, the jury necessarily examined and refused to credit the very same testimony which would warrant an instruction on the defense of habitation. If the jury did not believe that she was justified in using deadly force to defend herself against the victim, then it certainly would not believe that she was justified in using deadly force to defend the habitation against the victim. Thus, Appellant has failed to show a reasonable probability that the result of the proceeding was any different due to the failure to request the additional jury charge on the defense of habitation. *Smith v. State*, 262 Ga. 480, 481 (422 SE2d 173) (1992). Had the jury been instructed separately on that defense, the only reasonable probability is that it would have completely and totally rejected Appellant's version of the altercation, as it actually did, and that it would have returned exactly the same verdict of guilt.

Because today's opinion effectively rewrites the statutory elements of the defense of habitation and alters the standard of proof under the prejudice prong of *Strickland*, I dissent to the reversal of the judgment of the Court of Appeals.

DECIDED JANUARY 12, 2004.

*Vaughan & Evans, Donald C. Evans, Jr., Lance T. McCoy*, for appellant.
*Leigh E. Patterson, District Attorney, Mary Beth Gregoire, Assistant District Attorney*, for appellee.