## A06A0419. BUTTS v. THE STATE.
### (630 SE2d 182)

MIKELL, Judge.

A Chatham County jury found Larry Darnell Butts guilty of burglary and of theft by taking as a lesser included offense of robbery. In his pro se appeal, Butts contends that the trial court erred in denying his motion in limine. He also claims that he received ineffective assistance of trial counsel. We affirm for the reasons set forth below.

Viewed in a light most favorable to the verdict, the evidence shows that on the evening of August 28, 2001, the victim awoke to find a man standing over her bed, asking her "where . . . is he?" The intruder then went into the kitchen, apparently still looking for someone, and the victim followed. She could see that the man was wearing a purple shirt and a black hat, along with faded blue jeans and black tennis shoes. She also noticed that the air conditioning unit which she had placed in her kitchen window was missing.

The man unlocked the door to the victim's apartment and went out into the hallway, where he tried to take the victim's bicycle. She grabbed the bicycle and went back into her apartment to call the police. The man followed her. He grabbed the telephone out of the victim's hands and put the receiver down, but he tripped over the cord when the victim picked up the telephone again. The man then climbed out through the kitchen window while the victim called "911." He left his black hat behind.

Officers dispatched to the scene were told to be on the lookout for a man wearing a purple shirt. A responding officer saw Butts, who was wearing blue jeans and a purple shirt, nearby. The officer stopped Butts and took him to the apartment, where the victim identified Butts as the intruder. By this time, the victim realized that her purse, which had been on a chair beside the kitchen table, was missing. An officer found the victim's purse under a car approximately 150 feet from where Butts had been apprehended. At trial, the victim identified Butts as the man who had been in her apartment.

1. Butts claims that the trial court erred in denying his motion in limine. We disagree.

The trial transcript shows that the officer who arrested Butts on August 28, 2001, had arrested Butts either eight days or twenty days

earlier on an unrelated charge. Butts was wearing a purple shirt during the previous arrest. Butts filed a motion in limine to prevent the State from introducing evidence pertaining to the unrelated charge. The trial court ruled that the officer could not testify about the details of Butts's prior arrest, but that the State could ask the officer if he had previously seen Butts wearing a purple shirt. The officer subsequently testified that he had seen Butts wearing a purple shirt and blue jeans approximately a month before he arrested Butts on the charge at issue; however, the officer did not testify as to Butts's previous arrest or criminal history.

Butts's argument on this issue is difficult to follow. He admits that the trial court ruled correctly in placing "strict limits" on the officer's testimony, but assigns error to the trial court's ruling "in that it was [contemplated] that cross[-examination] of the officer might lead to the introduction of [Butts's] criminal record or other evidence of [bad] character." Butts then argues that if the officer had testified about the previous arrest, the officer's testimony would not have opened the door to evidence of Butts's criminal record or bad character, and that therefore the "fear was legally unfounded" that his previous convictions would be placed before the jury. He then contends that "as a practical matter, the fear induced by the court's ruling" caused his trial counsel to curtail his cross-examination of the officer.

Butts seems to be contending that the trial court ruled erroneously as to the effect of a future cross-examination, thereby impairing his defense. However, the trial court did not rule on what effect a future cross-examination might or might not have on opening the door to introduction by the State of Butts's previous convictions or other acts. We find no error as alleged by Butts.

2. Butts also contends that he received ineffective assistance of trial counsel. We disagree. "In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001).

Butts contends that his trial counsel was deficient in (i) "[f]ailing to challenge or question prosecutorial nondisclosure of exculpatory and forensic evidence"; (ii) "[f]ailure to challenge or question witnesses concerning accurate account of events leading to identification of [Butts]"; (iii) "[f]ailure to argue officers['] statements and police method of confiscating clothing and monies at time of arrest and admission into [county prison]"; and (iv) "[f]ailure to obtain and/or call witness and statements sustaining [Butts's] [a]libi at time of

[alleged] offense." Of these four issues, Butts only addresses the first through argument in his brief, therefore the other three are considered abandoned. See Court of Appeals Rule 25 (c) (2).

Pretermitting whether the issue was otherwise waived,[1] Butts argues that his counsel was deficient in not pursuing forensic evidence or in challenging the prosecution's failure to disclose forensic evidence, such as the intruder's fingerprints on items in the victim's apartment or hair samples in the hat the intruder left behind. However, Butts fails to show that any such forensic evidence either existed or would have tended to exculpate him. Thus, Butts cannot show that, but for his trial counsel's allegedly deficient performance, there was a reasonable likelihood that the outcome of the trial would have differed. See *Moody v. State*, 277 Ga. 676, 681 (6) (a) (594 SE2d 350) (2004) (where appellant did not offer what exculpatory evidence an investigator might have found or results a scientific analysis would have shown, he did not show he was prejudiced by his counsel's action in failing to hire an investigator or obtain a scientific analysis); *Welch v. State*, 243 Ga. App. 798, 799-800 (2) (534 SE2d 471) (2000) (prejudicial effect of counsel's failure to present evidence of blood and hair samples was mere speculation).

In a topically unrelated matter, Butts includes in his argument with regard to exculpatory and forensic evidence a claim that his trial counsel was deficient in failing to cross-examine the victim about a food stamp card found in her purse which belonged to a third party. However, Butts's trial counsel was pursuing a defense of misidentification, which was both a viable strategy given the evidence and unrelated to the food stamp card, and Butts does not show that his counsel's failure to pursue the matter was outside the ambit of reasonable trial strategy. See *Temple v. State*, 253 Ga. App. 606, 609 (2) (a) (561 SE2d 132) (2002) ("defendant attempting to show ineffectiveness must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct") (citation and punctuation omitted).

Butts has not shown that the trial court erred in denying his claim of ineffective assistance of counsel.

3. The State represents that it does not oppose a remand of this case for a hearing on the issue of whether Butts's trial counsel was ineffective for failure to call alibi witnesses because the State cannot locate a transcript of the hearing on motion for new trial. However,

---

[1] The State contends that Butts waived his arguments with regard to the ineffectiveness of his trial counsel, other than the failure to call alibi witnesses, because he failed to raise the issues below. However, at the least, Butts did raise the issue of his trial counsel's failure to retain a forensic expert to examine the hat left in the victim's apartment.

appellate procedure requires that where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review.

*Bollinger v. State*, 259 Ga. App. 102, 105 (2) (576 SE2d 80) (2003). Butts does not complain of a missing transcript or refer to a hearing on his motion for new trial in his appellate brief, and, as noted above, he fails to support his claim that his trial counsel was deficient in failing to call alibi witnesses with any argument in his appellate brief. We find no basis to remand the case.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 19, 2006.

Larry D. Butts, *pro se.*
Spencer Lawton, Jr., *District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.

