[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14520
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01518-CV-ODE-1

ANTONIO BERNARD COCHRAN,

Petitioner-Appellant,

versus

DAVID FRAZIER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 3, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Bernard Cochran appeals, *pro se*, the district court's denial of his 28 U.S.C. § 2254 habeas petition. Cochran was convicted in 1998 of felony murder, aggravated assault, and possession of a firearm, after shooting an unarmed person who approached his car. He argues that he received ineffective assistance of counsel on appeal because his attorney failed to argue the ineffectiveness of his trial attorney in not requesting a jury instruction on the use of force in defense of habitation. Cochran claims that in *Benham v. State*, 591 S.E.2d 824 (Ga. 2004), the Georgia Supreme Court found on similar facts that an attorney's failure to request an instruction on the specific defense of habitation was ineffective assistance of counsel. Therefore, Cochran argues, the state habeas court's denial of his ineffective-assistance claim was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). He also contends that the state court decision was based on an unreasonable determination of the facts. Moreover, he asserts that the state habeas court violated the Georgia Constitution by not following the decision of the Georgia Supreme Court in *Benham*.

When reviewing the denial of a § 2254 petition, we review "questions of law and mixed questions of law and fact, including ineffective assistance of counsel claims, *de novo*, and review[s] findings of fact for clear error." *Pardo v. Secretary,*

2

*Florida Dept. of Corrs.*, 587 F.3d 1093, 1098 (11th Cir. 2009). We may decline to address an issue where a party fails to provide arguments on the merits in its brief. *See United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006).

A federal court may not grant a writ of habeas corpus for a state prisoner where the claim was adjudicated on the merits by a state court unless the state habeas court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant relief, however, if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). "[O]nly Supreme Court precedent can clearly establish the law." *Van Poyck v. Florida Dept. of Corrs.*, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct

3

legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." *Putman,* 268 F.3d at 1241. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.*

Criminal defendants have a right to effective assistance of counsel. *Strickland*, 466 U.S. at 684-86, 104 S. Ct at 2063. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Id.* at 687-88, 104 S. Ct at 2064-65. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S. Ct. at 2069. "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck*, 290 F.3d at 1322.

"To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place."

4

*Cummings v. Secretary for Dept. of Corrections*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quotation omitted). "In judging the reasonableness of counsel's performance, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled[, and performance must fall] . . . . outside the wide range of professionally competent assistance" to be considered deficient. *Id.* (quotation omitted). "The Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Id.* (quotation omitted). "Courts indulge a strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Id.* (quotation omitted). We have "held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (quotation omitted).

Georgia law allows a person to use force to prevent or terminate another person's unlawful entry into or attack upon a habitation. However, the person may only use deadly force if, *inter alia*, "the entry is attempted in a violent and tumultuous manner and he reasonably believes that the entry is attempted . . . for the purpose of assaulting or offering personal violence to any person . . . therein

5

and that such force is necessary to prevent the assault or offer of personal violence." *See* O.C.G.A. § 16-3-23(1) (1997). In July 1998 the Georgia legislature added to the governing statutory title a definition of habitation, and such definition included a motor vehicle. O.C.G.A. §16-3-24.1; http://www.legis.ga.gov/legis/1997_98/leg/fulltext/hb1360.htm.

In *Benham*, the Georgia Supreme Court held that trial counsel provided ineffective assistance of counsel when she failed to request a jury instruction on the use of force in defense of habitation. 591 S.E.2d at 825. According to the evidence, the defendant was in her car, and she slashed the victim, who was attacking from the outside, with a box cutter. *Id.* The victim struck the first blow by attacking the defendant through the car window, and it took two attempts to restrain the victim from continuing the attack. *Id.* at 825-26. Defense counsel requested a self-defense instruction, but did not request an instruction on defense of habitation because she believed self-defense was the best defense for the defendant. *Id.* at 826. The Georgia Supreme Court held that counsel was ineffective under *Strickland* for not requesting the habitation instruction because that defense allowed the use of deadly force even if such force "was not necessarily required" to repel the attack. *Id.* at 826-27.

The state habeas court's decision was not contrary to clearly established federal law because the state court utilized the proper *Strickland* standard to determine whether Cochran's appellate counsel was ineffective, and there does not exist a Supreme Court case with facts that are materially indistinguishable from the instant case. Furthermore, the state habeas court's decision did not involve an unreasonable application of *Strickland*. Specifically, trial counsel was not ineffective for failing to predict either the addition of the definition of habitation (which included automobiles) to the statutory scheme or the *Benham* holding and, therefore, appellate counsel was not ineffective for failing to argue that trial counsel was ineffective on this ground. We decline to address Cochran's conclusory assertion that the state habeas court's decision was based on an unreasonable interpretation of the facts in light of the evidence.

**AFFIRMED.**[1]

---

[1]     Cochran's request for oral argument is denied.