## S12A0459. ALLEN v. THE STATE.
(723 SE2d 684)

THOMPSON, Justice.

Appellant Mario Norval Allen was convicted for the malice murder of Kayleigh Henderson and other related crimes and sentenced to life in prison.[1] The trial court denied his motion for new trial, and he appeals. For the reasons that follow, we affirm.

1. The jury was authorized to find that on the day of the crimes appellant and the victim, who were romantically involved, argued on the telephone about the need for formula for their young child. The victim drove to appellant's house to drop off the formula, and when she arrived, appellant shot her in the face at close range. The victim, who later died as a result of the single gunshot to the head, told a hospital nurse she was "shot by her boyfriend, Mario."

Appellant, who testified at trial, admitted he shot the victim but claimed she was shot accidentally as he tried to defend himself. He testified the victim arrived at his house with an unidentified man who pushed his way into the home and pointed a gun at him. Appellant claimed he ran outside to retrieve his gun, he and the man started arguing in the front yard, and as the victim and the man

---

[1] The crimes occurred on April 28, 2009. Appellant was indicted by an Elbert County grand jury on June 17, 2009, on charges of malice murder, felony murder, aggravated assault, aggravated battery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. After a March 29 - April 2, 2010 jury trial, he was found guilty of all charges. Appellant was sentenced on April 14, 2010, to life in prison on the malice murder count, life in prison for felony murder, 20 years in prison for the aggravated battery count, to run concurrent to the life sentence, 20 years in prison for the aggravated assault count, to run concurrent to the life sentence, five years consecutive for the count of possession of a firearm during the commission of a felony, and five years to run concurrent for the count of possession of a firearm by a convicted felon. Appellant filed a motion for a new trial on April 21, 2010, which he amended on January 27, 2011, March 23, 2011, and May 16, 2011. The trial court denied the motion for new trial on August 15, 2011, and in the same order, the court vacated the sentences imposed on the counts of felony murder, aggravated assault, and aggravated battery. See *Gresham v. State*, 289 Ga. 103 (6) (709 SE2d 780) (2011); *Malcolm v. State*, 263 Ga. 369, 373-374 (434 SE2d 479) (1993). Appellant filed a notice of appeal on September 14, 2011. The appeal was docketed to the January 2012 term of this Court and submitted for a decision on the briefs.

backed away, the man pointed a gun. Appellant stated he ducked down and shot, missing the man and shooting the victim instead. Construed in the light most favorable to the verdicts, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although appellant testified he acted in self-defense, the jury was authorized to disbelieve his testimony and credit the testimony of the State's witnesses. See *Delanoval v. State*, 280 Ga. 36, 37 (622 SE2d 811) (2005).

2. Appellant contends the trial court erred by admitting his written statement into evidence because it was not given freely and voluntarily.[2] See *Mincey v. Arizona*, 437 U. S. 385, 398 (II) (98 SC 2408, 57 LE2d 290) (1978) (use of involuntary statement in criminal trial is denial of due process). He also contends his subsequent videotaped statement, given several hours later, should have been suppressed as illegal fruit of the first statement. The record reveals, however, that defense counsel affirmatively stated he had no objection to the admission of these statements at trial and he has waived review of this issue on appeal. *Starks v. State*, 283 Ga. 164 (3) (656 SE2d 518) (2008) (absent objection at trial, defendant will not be heard to complain that his statement should have been suppressed because involuntarily made); *Mallory v. State*, 230 Ga. 657 (2) (198 SE2d 677) (1973) (defendant will not be heard to complain of admissibility made for first time in appellate court).

3. Appellant asserts the trial court erred by failing to give jury charges on transferred justification and transferred intent. He concedes, however, that his counsel did not request either of these charges at trial and did not object to the court's failure to include such charges before the jury retired to deliberate. Accordingly, pursuant to our recent decision in *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011) and OCGA § 17-8-58 (b),[3] we review this enumera-

---

[2] Evidence from the court's *Jackson-Denno* hearing established that on the day of the crime, appellant was taken into custody and transported to the police station for questioning. There, he was read his *Miranda* rights, which he waived verbally and by signing a waiver of rights form. *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Appellant did not ask for counsel and agreed to give a statement to investigators. He proceeded to write out a four-page statement in which he admitted, among other things, that he shot the victim. Before giving the statement to investigators, however, he asked to use the restroom. He took his statement with him, and while in the restroom, appellant began tearing it. Officers who were observing appellant seized the written statement, which was introduced at trial.

[3] OCGA § 17-8-58 provides:

(a) Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.

tion of error only to determine whether the court's failure to include a specific instruction on transferred intent or transferred justification constitutes plain error.

In *Kelly*, supra, this Court adopted the federal four-prong test for determining the existence of plain error in jury instructions. See *Puckett v. United States*, 556 U. S. 129 (II) (a) (129 SC 1423, 173 LE2d 266) (2009).

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Punctuation and emphasis omitted.) *Kelly*, supra at 33 (2) (a). Pretermitting whether appellant met his burden with regard to the first and second prongs of this test, we find the omission of specific instructions on transferred intent and transferred justification did not affect the outcome of the trial proceedings.

Under the doctrine of transferred intent,

> "when an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it." [Cit.]

*Happoldt v. State*, 267 Ga. 126, 127 (1) (b) (475 SE2d 627) (1996). The trial court's failure to give a charge on transferred intent thus could only have helped appellant in that rather than allowing the jury to "transfer" appellant's admitted intent to shoot the victim,

---

(b) Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.

the jury was required to find appellant specifically intended to shoot the victim in order to find him guilty of malice murder. If anything, the charge given placed a higher burden on the State relative to proof of intent.

With regard to the trial court's failure to charge on the doctrine of transferred justification, the record makes clear that the court instructed the jury on justification and self-defense, including instructions that appellant would be justified in using force intended or likely to cause death or great bodily harm if he reasonably believed such force was necessary to prevent death or great bodily injury to himself or a third person and that he would be "justified to kill or use force against *another person* in defense of himself or others." Thus, while the better practice may have been for the trial court to include a specific charge on transferred justification, considered as a whole the court's charge made clear to the jury that it should acquit appellant if it determined he was justified in firing his weapon, regardless of whom the bullet struck. See *White v. State*, 281 Ga. 276, 280 (4) (637 SE2d 645) (2006) (jury instructions read and considered as a whole in determining whether there is error). Accordingly, there is no likelihood the omission of a specific charge on transferred justification affected the outcome of the trial, and there was no plain error.

4. Appellant also argues the trial court erred by failing to charge the jury on the lesser included offense of voluntary manslaughter. The crime of voluntary manslaughter is committed when one kills "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a).

> [T]he provocation necessary to support a charge of voluntary manslaughter is markedly different from that which will support a self-defense claim. The distinguishing characteristic between the two claims is whether the accused was so influenced and excited that he reacted passionately rather than simply in an attempt to defend himself. Only where this is shown will a charge on voluntary manslaughter be warranted.

(Footnotes omitted.) *Worthem v. State*, 270 Ga. 469, 471 (2) (509 SE2d 922) (1999). See also *Hale v. State*, 274 Ga. 863 (3) (561 SE2d 70) (2002). Appellant testified at trial that he shot the victim accidentally and in self-defense when, during a verbal altercation with the victim and another man, the man pointed a gun at him. Appellant stated he was "afraid" and "terrified" because of the verbal threats the man was making and later admitted he intended

to kill the man when he fired his weapon. While this testimony provides some evidence that appellant may have acted in self-defense, it is not evidence he reacted passionately. See *Funes v. State*, 289 Ga. 793 (2) (716 SE2d 183) (2011) ("neither fear that someone is going to pull a gun nor fighting prior to a homicide are types of provocation demanding a voluntary manslaughter charge"); *Bell v. State*, 280 Ga. 562 (5) (a) (629 SE2d 213) (2006) (evidence that defendant was panicked, frightened, and defended himself from attack was insufficient to warrant charge on voluntary manslaughter). Because the evidence in this case does not show the sudden, violent, and irresistible passion required to warrant an instruction on voluntary manslaughter, the trial court did not err in refusing to give the requested charge.

5. We find no merit in appellant's assertion that the trial court committed error by refusing to charge the jury on the defense of mistake of fact. "Mistake of fact is a defense to a crime to the extent that the ignorance of some fact negates the existence of the mental state required to establish a material element of the crime." *Jones v. State*, 263 Ga. 835, 839 (439 SE2d 645) (1994). Appellant's belief that the victim was not in the trajectory of the bullet when he intentionally fired his weapon at a third party does not constitute the type of mistake of fact that would serve as a defense to the crimes charged. See OCGA § 16-3-5 ("[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission"). Under these circumstances, the trial court did not err by refusing to charge on mistake of fact.

6. A friend of the victim was permitted to testify at trial that appellant had on a previous occasion threatened the victim with a gun. Appellant contends counsel was ineffective by failing to request that the court give a limiting instruction regarding the jury's consideration of this prior difficulty evidence. See *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998).

To prevail on a claim of ineffectiveness, appellant must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). The trial court here denied appellant relief on his ineffectiveness claim both because counsel's failure to request a limiting instruction may have constituted reasonable trial strategy and because appellant failed to demonstrate the requisite prejudice

under *Strickland*.

Pretermitting the issue of whether counsel was deficient for failing to request a limiting instruction, we conclude appellant cannot demonstrate prejudice in light of the overwhelming evidence of his guilt, including his own admissions that he shot the victim during an argument and evidence that the victim was shot in the head at close range. See *Strickland*, supra, 466 U. S. at 697 (court may bypass question whether counsel's performance was deficient if it can "dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice"). Given the weight of the evidence, appellant has failed to show a reasonable probability the outcome of the trial would have been different if counsel had requested a limiting instruction.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2012.

*Jana M. Whaley*, for appellant.

*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.