**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 25, 2013**

# In the Court of Appeals of Georgia

A13A0823. NEVERSON v. THE STATE.

MCMILLIAN, Judge.

Valerina Neverson was convicted by a jury of voluntary manslaughter as a

lesser included offense of malice murder, felony murder, aggravated assault and

possession of a knife during the commission of a crime.[1] She appeals following the

denial of her motion for new trial, arguing that the evidence did not support her

conviction, that the trial court erred by failing to charge the jury on the defense of

habitation, and that her trial counsel was ineffective for failing to object to the court's

instructions. Having considered Neverson's claims of error, we now affirm.

---

[1] The trial court merged the felony murder and aggravated assault convictions
with the voluntary manslaughter conviction for sentencing. See *Wells v. State*, 294
Ga. App. 277, 279 (1) (a) (668 SE2d 881) (2008) ("Where the jury renders a verdict
for voluntary manslaughter, it cannot also find felony murder based on the same
underlying aggravated assault.") (citation and punctuation omitted).

1. Neverson does not assert a challenge to the legal sufficiency of the evidence, instead challenging the evidence on the "general grounds," see OCGA §§ 5-5-20 & 5-5-21, which is a matter solely addressed to the discretion of the trial judge. E.g., *Choisnet v. State*, 292 Ga. 860, 862 (742 SE2d 476) (2013). In this case, the trial court applied the proper legal standard and rejected Neverson's "general grounds" challenge.[2]

Moreover, although not specifically raised, we will address the legal sufficiency of the evidence to support the jury's verdict.[3]

In doing so, we apply the familiar standard of *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979), asking whether any

---

[2] Although the trial court made note that the evidence was "more than sufficient," it also correctly cited the general grounds standard, weighed the evidence, and explicitly found that the evidence did not preponderate heavily against the verdict. Thus, this is not a case where it is necessary for us to remand to the trial court for consideration of this issue under the proper standard. Cf. *White v. State*, 293 Ga. 523, 524-525 (2) (___ SE2d ___) (2013); *Choisnet v. State*, 292 Ga. at 862; *Walker v. State*, 292 Ga. 262, 264-265 (737 SE2d 311) (2013); *Manuel v. State*, 289 Ga. 383, 385-386 (2) (711 SE2d 676) (2011).

[3] We also take the occasion to "reiterate an observation [our Supreme Court] made in *Manuel v. State*, 289 Ga. at 386-387: the sufficiency of the evidence standard and the discretionary standard given to the trial court pursuant to OCGA § 5-5-21 address two distinct legal issues, illustrated by the fact that the double jeopardy clause applies when a court finds the evidence insufficient, but not when a court holds that the verdict was against the weight of the evidence." (Citations and punctuation omitted.) *Walker*, 292 Ga. at 264, n. 2.

rational trier of fact could find beyond a reasonable doubt from the evidence adduced at trial that [Neverson] is guilty of the crimes of which [s]he was convicted. See 443 U.S. at 319 (III) (B). As to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and we put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact. *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013).

*White v. State*, 293 Ga. 523, 523 (1) (___ SE2d ___) (2013).

Construed in the appropriate light, the evidence introduced at trial showed that on the night of the crime, Neverson and some others were playing cards on the porch outside her apartment. The victim, 17-year-old Jataun Stallings, had been visiting and drinking at an apartment above Neverson's and he and some others from that apartment came to Neverson's porch and were allowed to join the card game. Although there were no problems at first, Stallings, who had been drinking, became upset when he thought someone had taken his cell phone. Stallings' friends attempted to get Stallings to leave, but he refused and he and Neverson's boyfriend began fighting.[4] Although Neverson was not directly involved in the fight, and, according to witnesses, her boyfriend appeared to be winning the fight and did not need any

---

[4] It appears that others from both groups also began fighting.

3

help, at some point Neverson went inside her apartment and came back out with a knife. She stabbed Stallings in the chest, inflicting a seven-inch gaping wound. Stallings immediately fell to the ground, but Neverson continued to punch and hit him until she was pulled off. Stallings' friends dragged him a short distance away, and he died a short time later. None of the witnesses saw Stallings with a knife or gun, and no weapons were recovered from his person, although testimony was presented that he may have been swinging a liquor bottle at Neverson's boyfriend.

An officer responding to the scene testified that Neverson told him that a fight broke out while she, her boyfriend, Stallings and others were playing cards, and that Stallings charged them, but she denied that she stabbed Stallings. However, the officer noticed she was holding a kitchen towel with blood on it, and subsequently a knife with blood on it was recovered from a utensil container in the kitchen/dining area of Neverson's apartment.

This evidence, as well as other evidence adduced at trial, was more than sufficient to authorize Neverson's conviction under the appropriate appellate standard. And although Neverson argued at trial that she acted in self-defense, "conflicts in the evidence, questions about the credibility of witnesses, and questions about the existence of justification are for the jury to resolve. In this case, the jury

was free to accept the evidence that the stabbing was not done in self-defense and to reject any evidence in support of a justification defense." (Citations and punctuation omitted.) *Grimes v. State*, ___ Ga. ___ (Case No. S13A1211, decided September 9, 2013). *Shaw v. State*, 292 Ga. 871, 872 (1) (742 SE2d 707) (2013).

2. Neverson also argues that the trial court erred by failing to give her requested charge on the defense of habitation. The record reveals, however, that although Neverson requested a general charge on justification pursuant to OCGA § 16-3-20,[5] as well as a more specific charge on use of force in defense of self or others, she did not in fact specifically request a charge on the defense of habitation. Further, it is undisputed that Neverson's counsel did not object to the trial court's failure to give a charge on this defense. Consequently, we review this enumeration of error under the plain error standard. E.g., *Fleming v. State*, ___ Ga. App. ___ (1) (Case No. A13A1203, decided October 2, 2013).

> In determining whether plain error exists, we apply a four-part test. *Allen [v. State*, 290 Ga. 743, 744-745 (3) (723 SE2d 684) (2012).] First, there must be an error or defect – some sort of deviation from a legal rule – that has not been intentionally relinquished or abandoned,

---

[5] That code section contains a citation to the code section that embodies the habitation defense.

5

i.e., affirmatively waived, by the appellant. Second, the legal error must be clear and obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error – discretion which ought to be exercised only if the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.

(Citation and punctuation omitted.) Id.

The defense of habitation is available to prevent or terminate an "unlawful entry into or attack upon a habitation[.]" OCGA § 16-3-23. *Fair v. State*, 288 Ga. 244, 255-256 (2) (A) (2) (702 SE2d 420) (2010); *Stobbart v. State*, 272 Ga. 608, 612 (4) (533 SE2d 379) (2000). "Where there is no evidence that the victim was attempting to enter or attack the habitation at the time he was injured by the defendant, the defense of habitation is not available." *Coleman v. State*, 286 Ga. 291, 298 (6) (687 SE2d 427) (2009). Accordingly, the "defense of habitation is not a defense available to a defendant when the victim is a guest in the home." *Stobbart*, 272 Ga. at 612 (4).

As the trial court found, Neverson could not establish the essential element of unlawful entry or attack upon her habitation so as to warrant the giving of a defense

6

of habitation charge because Stallings neither entered her home unlawfully nor attacked her home. Stallings was on her porch by permission, and the evidence, which showed that Stallings' friends attempted to get him to leave but that he refused, did not support Neverson's theory that Stallings left and then made an illegal re-entry to the premises. Nor did the testimony support her argument that there was an attack on her home. The witnesses to these events, even her own witnesses, testified that Stallings had been stabbed and was on the ground when his friends started throwing things at the apartment and around the porch.

Further, Neverson did not argue defense of habitation at trial. Rather, her defense was that she was defending herself or others from Stallings at the time that she stabbed him and she did not claim or argue that she was acting in defense of habitation. Moreover, the transcript shows that the trial court thoroughly and repeatedly charged the jury on the defense Neverson urged at trial.

Under these circumstances, a charge on defense of habitation was not warranted. Accordingly, there was no error, much less plain error, because the trial court failed to give such a charge. *Fleming v. State*, ___ Ga. App. at ___ (1).

3. Because a charge on defense of habitation was not warranted in this case, it follows that Neverson's trial counsel did not render deficient performance by failing

7

specifically to request such a charge or by failing to object to the trial court's failure to give this charge. Neverson's third enumeration of error thus also provides no basis for reversal.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*