**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 18, 2017**

# In the Court of Appeals of Georgia

A17A0819. SALAZAR-BALDERAS v. THE STATE.

BETHEL, Judge.

Salavador Salazar-Balderas appeals from the denial of his motion for a new trial following his convictions for serious injury by vehicle, reckless driving, failure to stop at or return to the scene of an accident, following too closely, and driving without a license. Salazar-Balderas argues that the trial court erred when it refused to charge the jury on the defense of habitation. He further argues that he received ineffective assistance when his trial counsel did not effectively manage the request for a jury charge on habitation, and when trial counsel failed to renew his motion for a mistrial following the court's curative instructions on the State's improper closing argument. We agree that the trial court erred by refusing to charge the jury on the defense of habitation and reverse.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." *Fields v. State*, 263 Ga. App. 11, 11 (587 SE2d 171) (2003) (citation omitted). So viewed, the evidence shows that on December 29, 2006, Salazar-Balderas rear-ended the victim's vehicle. The victim testified that both she and Salazar-Balderas exited their vehicles to inspect the damage, which was minimal. Salazar-Balderas showed the victim an identification card of some sort and returned with the victim to his car so that he could give her his insurance card. However, instead of producing an insurance card to the victim, Salazar-Balderas got into his vehicle and fled the scene, running the victim over in the process. A witness, who did not see any prior interaction between the parties, observed Salazar-Balderas running over the victim and testified to his observation at trial. The victim sustained serious injury, including broken bones.

At trial, Salazar-Balderas testified that when he returned to his car with the victim to retrieve his insurance information, the victim reached through his open driver's side window into his vehicle and started grabbing and pulling his left shoulder, saying she did not believe Salazar-Balderas had insurance. The two began arguing, and Salazar-Balderas' nine year-old son, who was a passenger in his vehicle,

2

started crying. Salazar-Balderas became scared and then decided to drive away from the victim, who continued holding onto his vehicle as he began driving away. Salazar-Balderas testified that he was unaware he had hit the victim. Police apprehended Salazar-Balderas a few minutes after leaving the scene, and he was charged with serious injury by vehicle, reckless driving, failure to stop at or return to scene of accident, following too closely, and driving without a license.

Trial counsel for Salazar-Balderas did not include a pattern jury charge for habitation in his original requests to charge. But Salazar-Balderas' trial counsel orally requested the additional pattern jury charge on habitation[1] during the charge

---

[1] Georgia Suggested Pattern Jury Instructions, 3.12.10 Justification; Use of Force in Defense of Habitation (Motor Vehicle), provides:

A person is justified in threatening or using force against another person when, and to the extent that, the person reasonably believes that such threat or force is necessary to prevent or terminate the other's unlawful entry into or attack upon a [motor vehicle]. A person is justified in the use of force that is intended or likely to cause death or great bodily harm only if (a) the entry is made or attempted in a violent and disorderly manner and the person reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person living or present in the [motor vehicle] and that such force is necessary to prevent the assault or offer of personal violence[.]

3

conference. After revewing the pattern jury charge in question and considering the request, the trial court declined to give the charge, noting that a motor vehicle can be a deadly weapon, and that use of a deadly weapon to defend oneself was not justified under the facts of the case because Salazar-Balderas testified that the victim was merely grabbing him through the window. Instead, the trial court charged the jury on justification and knowledge. Trial counsel renewed his objection regarding the requested jury charge on habitation following the trial court's jury instruction.

Salazar-Balderas was convicted on all counts. Following his conviction, Salazar-Balderas filed a motion for a new trial, which the trial court denied. Salazar-Balderas then filed a motion for an out-of-time appeal, which was granted. This appeal followed.

1. Salazar-Balderas first argues that the trial court erred when it failed to instruct the jury on defense of habitation. We agree.

"A requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper." *Kendrick v. State*, 287 Ga. 676, 679 (3) (699 SE2d 302) (2010) (citation omitted). We

4

review the trial court's refusal to give a requested charge for abuse of discretion.[2]

*Wallace v. State*, 306 Ga. App. 118, 121 (701 SE2d 554) (2010).

As an initial matter, we note that Salazar-Balderas failed to submit a written request to charge on habitation. Instead, he made an oral request that the trial court give the pattern jury charge on habitation. This request fails to comply with the requirements of Uniform Superior Court Rule 10.3.[3] *See Kendrick*, 287 Ga. at 678 (3). This Court has previously observed that "[v]iolation of Rule 10.3 carries no express penalties, although failure to adhere to the rule has been cited as justification for a

---

[2] Salazar-Balderas preserved his objection regarding the requested habitation charge when he renewed his objection following the trial court's jury instruction. *Nel v. State*, 252 Ga. App. 761, 765 (7) (557 SE2d 44) (2001) (once jury instructions are given, "[i]n order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections and/or follow the procedure of reserving the right to objection on motion for new trial or on appeal."). Thus, we review the failure to give the charge for abuse of discretion instead of plain error. *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011) (appellate courts will review an objection to jury instructions for plain error where the party fails to object at trial and the appealing party properly asserts the error on appeal).

[3] Uniform Superior Court Rule 10.3 reads:

All requests to charge shall be numbered consecutively on separate sheets of paper and submitted to the court in duplicate by counsel for all parties at the commencement of trial, unless otherwise provided by pre-trial order; provided, however, that additional requests may be submitted to cover unanticipated points which arise thereafter.

5

trial court's refusal to give a later requested charge." *Gagnon v. State*, 240 Ga. App. 754, 755 (1) (525 SE2d 127) (1999) (footnotes omitted). Although such failure would authorize the trial court to reject Salazar-Balderas' desired jury instruction,[4] the trial court did not decline to give the charge on this basis. Rather, the trial court was directed to the requested pattern charge, reviewed it, and discussed it with the parties before deciding not to give it because it did not find the instruction was warranted under the circumstances of the case. The record does not reflect that the trial court or the State were unclear about which provision of the charge applied, and it appears the request was sufficient to direct the court's attention accordingly. On appeal, there is no ambiguity about what portion of the charge was relevant to the facts and was being requested. Therefore, we will review the substance of this enumeration of error. *See Kendrick*, 287 Ga. at 678 (3); *Davis v. State*, 285 Ga. 176, 178-79 (2) (674 SE2d 879) (2009).

---

[4] This Court has previously held that a trial court's refusal to give a requested charge was not in error when such refusal was based on the defendant's failure to comply with Uniform Superior Court Rule 10.3. *See Temple v. State*, 238 Ga. App. 146, 148 (3) (517 SE2d 850) (1999) (not error for trial court to refuse jury instruction on the basis that it was not timely requested); *Smith v. State*, 222 Ga. App. 366, 370-71 (5) (474 SE2d 272) (1996) (same).

The defense of habitation is available to prevent or terminate an "unlawful entry into or attack upon a habitation" if the "entry is made or attempted in a violent and tumultuous manner[,]" there is a reasonable belief that entry is made "for the purpose of assaulting or offering personal violence to any person" therein, and "that such force is necessary to prevent the assault or offer of personal violence[.]" OCGA § 16-3-23 (1); *see also Benham v. State*, 277 Ga. 516, 517 (591 SE2d 824) (2004); *Neverson v. State*, 324 Ga. App. 322, 325 (2) (750 SE2d 397) (2013). A motor vehicle is included in the definition of a "habitation." OCGA § 16-3-24.1.

The trial court explained that it did not give the requested instruction because Salazar-Balderas' use of deadly force was not warranted by the victim's mere grabbing his person, and because Salazar-Balderas claimed that he was entirely unaware that he had run over the victim with his vehicle. The trial court is mistaken.

"Unlike the defense of justification, the habitation defense, in recognition of the sanctity of a person in his home or motor vehicle or place of business, allows the use of deadly force in certain situations even if the occupant does not fear death or great bodily injury." *Coleman v. State*, 286 Ga. 291, 297 (6) (687 SE2d 427) (2009) (citation and punctuation omitted). Thus, our analysis does not turn on whether Salazar-Balderas was in any immediate fear of death or great injury or whether such

fear was reasonable under the circumstances of this case. Nor does Salazar-Balderas' claimed ignorance of having run over the victim bar the availability of the habitation defense here. Rather, we must examine whether there is slight evidence that Salazar-Balderas used force to prevent or terminate a violent or tumultuous entry into his vehicle that he reasonably believed was for the purpose of assaulting or offering personal violence against him. *See* OCGA § 16-3-23 (1); *Coleman*, 286 Ga. at 297 (6) ("a request to charge the jury is appropriate where there is any evidence, however slight, on which to predicate it") (citation omitted)); *Benham*, 277 Ga. at 517.

Under OCGA § 16-5-20 (a), "[a] person commits the offense of simple assault when he or she either: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." Moreover, "the focus of a reasonable apprehension of harm is on the apprehension of the victim, and it is for the factfinder to determine whether the victim's apprehension was reasonable." *Thompson v. State*, 332 Ga. App. 204, 211-212 (2) (2015) (citation and punctuation omitted).

Salazar-Balderas testified that when he returned to his vehicle to obtain his insurance and other paperwork, the victim reached through his window and began grabbing his shoulder while accusing him of not having insurance. Salazar-Balderas

testified that he became nervous and frightened, and that his son, who was also in the vehicle, began to cry. Salazar-Balderas' testimony indicated that he intended to use the force that resulted in victim's injury — that is, driving his vehicle away from her — so as to escape her reaching through his open vehicle window and grabbing him while she was verbally accosting him. The victim's actions provide the slight evidence needed for the jury to decide whether Salazar-Balderas used the force resulting in injury to escape a violent or tumultuous entry into his vehicle that he reasonably believed was for the purpose of assaulting or offering personal violence against him. Therefore, a jury instruction on the defense of habitation was warranted. *See Coleman*, 286 Ga. at 297 (6); *Benham*, 277 Ga. at 517.

"Where a defendant raises an affirmative defense and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt." *Jones v. State*, 160 Ga. App. 209, 209-210 (2) (286 SE2d 764) (1981) (citation and punctuation omitted). Because Salazar-Balderas' requested charge was a correct statement of the law and was adjusted to the evidence, we are constrained to hold that the trial court's failure to give the charge was harmful error demanding reversal of the conviction. *See id.*

9

2. In view of our holding in Division 1, we need not address Salazar-Balderas'

remaining enumerations of error.

*Judgment reversed. McFadden, P. J., and Branch, J., concur.*